COMMISSIONER OF SOCIAL SERVICES *v.*
MOHAMMED SYED
(AC 22464)

Foti, Mihalakos and Peters, Js.

Argued October 22—officially released December 17, 2002

---

*Kenneth A. Graham*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellant (plaintiff).

*Opinion*

FOTI, J. The plaintiff commissioner of the department of social services appeals from the judgment rendered by the trial court affirming the family support magistrate's dismissal of the plaintiff's petition seeking child support from the defendant, Mohammed Syed. We reverse the judgment of the trial court.

The record discloses the following facts. On May 8, 2001, the plaintiff, on behalf of Shazia Bukhari and pursuant to General Statutes § 46b-215 et seq., filed a petition before the family support magistrate seeking an order requiring the defendant to pay support payments for his minor child, Feryal Syed.[1] The plaintiff alleged therein that the child had received temporary assistance to needy families benefits from the department of social services (department). The plaintiff further alleged that the defendant was responsible for the support of the child, who was the issue of the marriage between the defendant and Bukhari.

The defendant, having been served properly in the action, failed to file either an appearance or an answer. He did not attend the hearing on the petition. The plaintiff, in support of her allegation that the child was the issue of the marriage between the defendant and Bukh-

---

[1] The attorney general filed the petition on behalf of the commissioner. See General Statutes § 46b-231 (t), which provides in relevant part: "The Attorney General shall . . . (1) Represent the interest of the state in all actions for child or spousal support in all cases in which the state is furnishing or has furnished aid or care to one of the parties to the action or a child of one of the parties . . . ."

ari, and hence that the defendant had a legal obligation to support the child, offered into evidence at the hearing copies of the marriage certificate for the defendant and Bukhari, as well as the child's birth certificate. Department officials testified that those documents originated from other state agencies and that they were kept in the department's files. The plaintiff claimed that because the department kept those documents in its files, department officials could certify them pursuant to General Statutes § 1-210 (a). The plaintiff further claimed that the department was not required to demonstrate that the documents had been certified by the agencies from which they had originated.

The plaintiff argued that the documents were admissible under § 1-210 (a), a provision of the Freedom of Information Act. Section 1-210 (a) provides in relevant part: "Any certified record [maintained or kept on file by any public agency] attested as a true copy by the clerk, chief or deputy of such agency or by such other person designated or empowered by law to so act, shall be competent evidence in any court of this state of the facts contained therein. . . ." The family support magistrate refused to admit the copies of the marriage and birth certificates and dismissed the support petition. The magistrate reasoned that the plaintiff needed to do more than rely on § 1-210 to authenticate the documents in the proceeding. Pursuant to General Statutes § 46b-231 (n), the plaintiff appealed to the court from the magistrate's dismissal of the petition.

The court rejected the plaintiff's claim that the department, pursuant to § 1-210 (a), could certify the copies of the marriage and birth certificates even though it was not the agency that issued those documents. The court concluded that for a record to be admissible under § 1-210 (a), it had to be certified by the agency from

which it originated.[2] Although this is a civil case, the court noted that the interpretation of § 1-210 (a) espoused by the plaintiff would create a hearsay exception of unlimited scope and ultimately would violate due process.

The court next addressed the issue of whether the copies of the marriage and birth certificates were admissible under some other authority. The court concluded that the copy of the birth certificate offered into evidence by the plaintiff was admissible under General Statutes § 7-55 because, despite the fact that it was a copy, it was issued by the department of public health and had been certified by the registrar of vital statistics. The court concluded, however, that because there was no raised seal on the copy of the marriage certificate, which stated on its face, "NOT GOOD WITHOUT SEAL OF THE CERTIFYING OFFICIAL," it had been properly excluded as evidence of the parties' marriage. The court affirmed the magistrate's dismissal of the petition because the copy of the marriage certificate, properly excluded from the evidence, was the only evidence submitted by the plaintiff to demonstrate that the defendant and Bukhari were married.

On appeal to this court,[3] the plaintiff argues that § 1-210 (a) is clear and unambiguous and that the copy of the marriage certificate, having been certified by the department itself, was admissible. The plaintiff also argues that the defendant's legal obligation to support the child already had been established, prior to the offer of the marriage and birth certificates, by operation of

[2] The court ruled that the marriage certificate was inadmissible because "attestation by a public agency, in this case the department of social services, of records maintained by another state agency, does not fall within the plain ordinary meaning of [General Statutes § 1-210 (a)]."

[3] The defendant failed to file a brief in this court, and we have considered the appeal solely on the basis of the plaintiff's brief and the record.

Practice Book § 10-19.[4] We agree with the plaintiff's latter argument and, accordingly, reverse the court's judgment.

Practice Book § 10-19 provides: "Every material allegation in any pleading which is not denied by the adverse party shall be deemed to be admitted, unless such party avers that he or she has not any knowledge or information thereof sufficient to form a belief." See also *Phinney* v. *Rosgen*, 162 Conn. 36, 37, 291 A.2d 218 (1971) (failure to plead to allegation deems that allegation admitted); *Second Exeter Corp.* v. *Epstein*, 5 Conn. App. 427, 429, 499 A.2d 429 (1985), cert. denied, 198 Conn. 802, 502 A.2d 932 (1986).

In the present case, the defendant, by virtue of having failed to appear and plead, admitted every material allegation contained in the support petition. Those allegations included the verified statement of facts that alleged the child's name, date of birth and status as an "issue of marriage."[5] Those implied admissions under the rule expressed in Practice Book § 10-19 were, as a matter of law, sufficient to allow the plaintiff to prevail on her petition.

The judgment is reversed and the case is remanded with direction to render judgment sustaining the plaintiff's appeal and for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[4] Despite the fact that the plaintiff did not raise that argument before the trial court, we conclude that the operation of Practice Book § 10-19 is obvious from the face of the record itself, and we allow the plaintiff's argument.

[5] We note that the defendant is listed as the child's father on the birth certificate.