# COMMISSIONER OF SOCIAL SERVICES *v.*
# CHRISTOPHER L. SMITH
## (SC 16931)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued April 22—officially released September 16, 2003

*Helene Opocensky,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Donald M. Longley,* assistant attorney general, for the appellant (plaintiff).

*Frederic Gilman,* for the minor child.

*Opinion*

NORCOTT, J. The dispositive issue in this appeal is whether a defendant in an action to establish child support, who is properly served with notice of the pending proceedings and summoned to appear but fails to appear as directed or to otherwise deny the material allegations of the petition, impliedly has admitted the factual assertions of the petition such that an adjudication of paternity may be made and an order of support may be entered. The plaintiff, the commissioner of social services, appeals[1] from the judgment of the trial court affirming the family support magistrate's ruling that the failure of the defendant, Christopher L. Smith, to appear or to otherwise deny the material allegations contained in the plaintiff's petition for support did not operate as a default judicial admission of the factual assertions underlying the petition.[2] We conclude that a

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c).

[2] The plaintiff also claims that the trial court improperly affirmed the family support magistrate's order excluding from evidence an uncertified photocopy of a written acknowledgment of paternity, executed by the defendant and notarized shortly after the birth of the minor child. The family support magistrate had ruled that such an acknowledgment, in order to be admissible into evidence, had to be authenticated in one of five ways: (1) by proof that the document is a public record; (2) by offering a certified copy of the document; (3) by offering a duplicate original of the document;

defendant who fails to appear or to otherwise deny the allegations of a support petition has admitted the facts underlying the petition. Accordingly, we reverse the judgment of the trial court.

The record reveals the following undisputed relevant facts and procedural history. On September 18, 2000, the plaintiff, on behalf of Amanda L. Cahoon, and pursu-

(4) by the testimony of a subscribing witness; or (5) by the testimony of a witness with personal knowledge of the writer's signature.

The plaintiff contends that this ruling by the family support magistrate, which was affirmed by the Superior Court, runs afoul of the provisions of General Statutes § 46b-172 (a) (1), which provides in relevant part: "[A] written acknowledgment of paternity executed and sworn to by the putative father of the child when accompanied by (A) an attested waiver of the right to a blood test, the right to a trial and the right to an attorney, and (B) a written affirmation of paternity executed and sworn to by the mother of the child shall have the same force and effect as a judgment of the Superior Court. It shall be considered a legal finding of paternity without requiring or permitting judicial ratification . . . ." Once this acknowledgment has been duly executed, the plaintiff asserts, it becomes a final declaration of paternal status and may not be subject to subsequent judicial ratification in the sense that authentication is required in order for the document to be rendered admissible into evidence. The plaintiff further argues that, even if acknowledgments must pass a threshold admissibility standard, the family support magistrate improperly dismissed the petition because: (1) the plaintiff's evidence sufficiently authenticated the document; (2) the photocopy was admissible in lieu of the original acknowledgment as there was no genuine issue raised as to the authenticity of the photocopy and fairness did not demand that the original be produced; and (3) the family support magistrate's decision constituted clear error as it was devoid of support in the record.

The factual and procedural posture of this appeal renders it a poor vehicle with which to reach the issue of the threshold authentication requirements for written paternity acknowledgments. The threshold admissibility requirements for a document, just like any other piece of evidence, only becomes an issue for judicial determination when a party properly objects to or otherwise contests the admission of the document into evidence. As there was no such objection made to the admission of the document into evidence here, we need not reach the issue of threshold authentication requirements for written paternity acknowledgments. Moreover, we agree with the plaintiff on the first claim on appeal and, therefore, a decision on the second claim is rendered unnecessary.

ant to General Statutes §§ 17b-745,[3] 46b-172[4] and 46b-

[3] General Statutes § 17b-745 (a) provides in relevant part: "(1) The Superior Court or a family support magistrate shall have authority to make and enforce orders for payment of support . . . directed to . . . any parent of any . . . person being supported by the state, wholly or in part . . . .

"(7) (A) Proceedings to obtain orders of support under this section shall be commenced by the service on the liable person or persons of a verified petition of the Commissioner of Administrative Services, the Commissioner of Social Services or their designees. The verified petition shall be filed by any of said commissioners or their designees in the judicial district of the court or Family Support Magistrate Division in which the patient, applicant, beneficiary, recipient or the defendant resides. The judge or family support magistrate shall cause a summons, signed by such judge or magistrate, by the clerk of said court, or by a commissioner of the Superior Court to be issued, requiring such liable person or persons to appear before the court or a family support magistrate at a time and place as determined by the clerk but not more than ninety days after the issuance of the summons to show cause, if any, why the request for relief in such petition should not be granted. . . ."

[4] General Statutes § 46b-172 provides in relevant part: "(a) (1) In lieu of or in conclusion of proceedings under section 46b-160, a written acknowledgment of paternity executed and sworn to by the putative father of the child when accompanied by (A) an attested waiver of the right to a blood test, the right to a trial and the right to an attorney, and (B) a written affirmation of paternity executed and sworn to by the mother of the child shall have the same force and effect as a judgment of the Superior Court. It shall be considered a legal finding of paternity without requiring or permitting judicial ratification, and shall be binding on the person executing the same whether such person is an adult or a minor, subject to subdivision (2) of this subsection. Such acknowledgment shall not be binding unless, prior to the signing of any affirmation or acknowledgement of paternity, the mother and the putative father are given oral and written notice of the alternatives to, the legal consequences of, and the rights and responsibilities that arise from signing such affirmation or acknowledgement. The notice to the mother shall include, but shall not be limited to, notice that the affirmation of paternity may result in rights of custody and visitation, as well as a duty of support, in the person named as father. The notice to the putative father shall include, but not be limited to, notice that such father has the right to contest paternity, including the right to appointment of counsel, a genetic test to determine paternity and a trial by the Superior Court or a family support magistrate and that acknowledgment of paternity will make such father liable for the financial support of the child until the child's eighteenth birthday. In addition, the notice shall inform the mother and the father that DNA testing may be able to establish paternity with a high degree of accuracy and may, under certain circumstances, be available at state expense. The notices shall also explain the right to rescind the acknowledgment, as set

forth in subdivision (2) of this subsection, including the address where such notice of rescission should be sent, and shall explain that the acknowledgment cannot be challenged after sixty days, except in court upon a showing of fraud, duress or material mistake of fact. . . .

"(c) At any time after the signing of any acknowledgment of paternity, upon the application of any interested party, the court or any judge thereof or any family support magistrate in IV-D support cases and in matters brought under sections 46b-212 to 46b-213v, inclusive, shall cause a summons, signed by such judge or magistrate, by the clerk of said court or by a commissioner of the Superior Court, to be issued, requiring the acknowledged father to appear in court at a time and place as determined by the clerk but not more than ninety days after the issuance of the summons, to show cause why the court or the family support magistrate assigned to the judicial district in IV-D support cases should not enter judgment for support of the child by payment of a periodic sum until the child attains the age of eighteen years, together with provision for reimbursement for past due support based upon ability to pay in accordance with the provisions of section 17b-81, 17b-223, subsection (b) of section 17b-179, section 17a-90, 46b-129 or 46b-130, a provision for health coverage of the child as required by section 46b-215, and reasonable expense of the action under this subsection. . . ."

[5] General Statutes § 46b-215 provides in relevant part: "(a) (1) The Superior Court or a family support magistrate shall have authority to make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to such person's spouse or a child under the age of eighteen, according to such person's ability to furnish such support, notwithstanding the provisions of section 46b-37. . . .

"(3) Proceedings to obtain orders of support under this section shall be commenced by the service on the liable person or persons of a verified petition with summons and order, in a form prescribed by the Office of the Chief Court Administrator, of the husband or wife, child or any relative or the conservator, guardian or support enforcement officer, town or state, or any selectmen or the public official charged with the administration of public assistance of the town, or in TANF support cases, as defined in subdivision (14) of subsection (b) of section 46b-231, the Commissioner of Social Services. The verified petition, summons and order shall be filed in the judicial district in which the petitioner or respondent resides or does business, or if filed in the Family Support Magistrate Division, in the judicial district in which the petitioner or respondent resides or does business. . . .

"(8) (A) The judge or family support magistrate shall cause a summons, signed by such judge or magistrate, by the clerk of said court or Family Support Magistrate Division, or by a commissioner of the Superior Court to be issued requiring such liable person or persons to appear in court or before a family support magistrate, at a time and place as determined by the clerk but not more than ninety days after the issuance of the summons. Service may be made by a state marshal, any proper officer or any investiga-

support petition with the family support magistrate division. Attached to the petition was a verified statement of facts that alleged, inter alia, that the state was providing child support services to a minor child and that the defendant was the acknowledged parent of the minor child.[6] Accompanying these materials was a summons,

tor employed by the Department of Social Services or by the Commissioner of Administrative Services. The state marshal, proper officer or investigator shall make due return of process to the court not less than twenty-one days before the date assigned for hearing. Upon proof of the service of the summons to appear in court or before a family support magistrate at the time and place named for hearing upon such petition, the failure of the defendant or defendants to appear shall not prohibit the court or family support magistrate from going forward with the hearing. If the summons and order is signed by a commissioner of the Superior Court, upon proof of service of the summons to appear in court or before a family support magistrate and upon the failure of the defendant to appear at the time and place named for hearing upon the petition, request may be made by the petitioner to the court or family support magistrate for an order that a capias mittimus be issued. . . .

"(b) The Attorney General of the state of Connecticut and the attorney representing a town, shall become a party for the interest of the state of Connecticut and such town, in any proceedings for support which concerns any person who is receiving or has received public assistance or care from the state or any town. The Attorney General shall represent the IV-D agency in non-TANF IV-D support cases if the IV-D agency determines that such representation is required pursuant to guidelines issued by the Commissioner of Social Services. . . ."

[6] The word "acknowledged" in paternity and child support proceedings refers to a written acknowledgment of paternity executed and sworn to pursuant to § 46b-172. See General Statutes § 7-36 (11) (" '[a]cknowledgment of paternity' means to legally acknowledge paternity of a child pursuant to section 46b-172"); see footnote 4 of this opinion for the text of § 46b-172 (a) (1).

In this matter, the petition referred to the "[a]cknowledgment of [p]aternity," which was executed and sworn to by Cahoon and the defendant on March 15, 2000. This form document contained identifying information for the minor child as well as Cahoon and the defendant, which included the defendant's date of birth, address, and the name and address of his employer. At the bottom of the document, under the section entitled, "Father," was the following statement: "I freely and voluntarily acknowledge that I am the biological father of the child named above. I accept the obligation to support this child. I understand that an order for child support may be entered. I waive my rights to a trial, a lawyer to represent me, and a genetic test to determine paternity. I have read, and have had read and explained

which notified the defendant of the pending action and advised him that he was required to appear in court and respond to these allegations on February 15, 2001. The summons further advised the defendant that, should he fail to appear, judgment may be entered against him.

On February 15, 2001, the defendant failed to appear in court and the family support magistrate, Katherine Y. Hutchinson, continued the matter to April 5, 2001. On that date, the family support magistrate, James M. Bentivegna (magistrate), issued a finding that the defendant properly had been served with the petition, the summons and the verified statement of facts, and the magistrate continued the matter to April 19, 2001. On April 19, the defendant again failed to appear and the magistrate appointed attorney Frederic Gilman as child advocate to represent the interests of the minor child. The magistrate again continued the matter to May 3, 2001.

On May 3, 2001, after the defendant again failed to appear, the magistrate elected to proceed with the matter and heard the plaintiff's evidence seeking to establish the defendant's paternity. During this hearing, the plaintiff offered, as proof of the defendant's paternity, the testimony of Dean Festa, an investigation supervisor for the bureau of child support enforcement for the department of social services, who testified as to the

---

to me, the rights and responsibilities on the back of this form, and I understand the contents. I have had the opportunity to ask questions before I signed this form. A copy of this statement has been given to me." The form also contained, under the section entitled, "Mother," the following statement: "I freely and voluntarily consent to this Acknowledgment of Paternity. The man named above is the biological father of this child. I have read, and have had read and explained to me, the rights and responsibilities on the back of this form, and I understand the contents. I have had the opportunity to ask questions before I signed this form. A copy of this statement has been given to me." Below these statements were, respectively, the signatures of Cahoon and the defendant, dated and notarized March 15, 2000.

procedures and entities involved in the collection and maintenance of written paternity acknowledgments. Through Festa, the plaintiff also sought to introduce a photocopy of the acknowledgment of paternity purportedly signed by the defendant.

Following this hearing, the plaintiff and the child advocate both submitted written memoranda to the magistrate on the sufficiency of the plaintiff's proof of the defendant's paternity. The plaintiff claimed that the defendant's paternity had been sufficiently demonstrated because, not only was the unauthenticated photocopy of the written acknowledgment admissible under this state's statutory scheme regarding such documents, but pursuant to Practice Book § 10-19,[7] the defendant, in his failure to appear or to otherwise deny the material allegations in the plaintiff's petition for support, had judicially admitted those allegations, including the assertion that he was the acknowledged father of the minor child. In turn, the child advocate filed a memorandum that claimed that the acknowledgment was inadmissible in that it had not been properly authenticated. This memorandum did not, however, respond to the plaintiff's argument that, by failing to appear or to otherwise deny the material allegations of the support petition, the defendant had thereby admitted the allegations, and paternity had therefore been established.

Thereafter, the magistrate issued a written decision that excluded from evidence the unauthenticated photocopy offered by the plaintiff. In the decision, the magistrate also ruled that Practice Book § 10-19 and the doctrine of implied admissions is inapplicable within the context of family support matters conducted under

---

[7] Practice Book § 10-19 provides: "Every material allegation in any pleading which is not denied by the adverse party shall be deemed to be admitted, unless such party avers that he or she has not any knowledge or information thereof sufficient to form a belief."

the umbrella of chapter 25 of the Practice Book.[8] On the basis of these rulings, the magistrate dismissed the plaintiff's petition without prejudice. Thereafter, pursuant to General Statutes § 46b-231 (n),[9] the plaintiff appealed to the Superior Court. The trial court affirmed the decision of the magistrate excluding from evidence the unauthenticated photocopy of the written acknowledgment of paternity. Although the claim that the defendant effectively had admitted his paternity by his failure to appear or to otherwise deny the material allegations of the support petition was contained in the plaintiff's written submission to the court as a ground upon which to reverse the decision of the magistrate, the court's written memorandum of decision did not address that issue. The plaintiff filed a motion to reargue and for an articulation, based, in part, on the trial court's failure to address the issue of implied admission, which was denied by the court. This appeal followed.

On appeal, the plaintiff claims that the magistrate improperly concluded that the failure of the defendant to appear or to otherwise deny the material allegations of the support petition did not operate as a default admission of those allegations, thereby admitting the defendant's paternal status and establishing his attendant obligation to provide child support. The plaintiff's argument on this issue is twofold. First, the plaintiff claims that, pursuant to Practice Book § 10-19, when a

[8] Chapter 25 of the Practice Book is entitled, "Superior Court—Procedure in Family Matters." It defines the scope and rules of practice for family matters, including paternity and child support actions. See Practice Book § 25-1.

[9] General Statutes § 46b-231 (n) provides in relevant part: "(1) A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section.

"(2) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district in which the decision of the family support magistrate was rendered not later than fourteen days after filing of the final decision . . . ."

party to a civil action, including a family support matter, fails properly to deny the material allegations contained in the pleadings of an adverse party, the former party effectively has admitted those allegations. Thus, in this context, the defendant, by failing to appear or to deny the allegations in the support petition, has admitted those contentions for the purposes of the support proceedings. Second, the plaintiff asserts that the nature of a child support show cause hearing is such that, once a putative father is properly served with notice of the proceedings and advised of his rights and potential liabilities, the burden is placed upon him to appear and show cause why the court should *not* enter an order of support. The plaintiff claims that an order establishing support should have been entered because the defendant failed even to attempt to shoulder this burden.

The child advocate claims, however, that the defendant, by failing to appear, did not impliedly admit the material allegations of the support petition.[10] Specifically, the child advocate claims that the doctrine of implied admissions, as codified in Practice Book § 10-19, is inapplicable to family support matters conducted pursuant to the provisions of chapter 25 of the Practice Book.[11] We conclude that, the defendant in the present

[10] We note that we find curious the position taken by the child advocate, both in this appeal and in the proceedings below. As the representative of the minor child charged with advancing the best interests of that client, it is peculiar that the child advocate would claim that the magistrate was correct in dismissing the support petition because the plaintiff failed to produce an authenticated photocopy of the defendant's purported acknowledgment of paternity and in concluding that the defendant's failure to appear did not operate as an implied admission of the material allegations of the support petition such that an adjudication of his paternity could be made and a valid child support order could be entered.

[11] The child advocate also makes two other claims: (1) that the plaintiff, in failing to enunciate specifically the issue of implied admission as a claim within the appeal petition to the trial court, had failed to comply with the statutory requirements for appeal from a family support magistrate decision, and the appeal must therefore be dismissed for want of jurisdiction; and (2) even if the doctrine of implied admissions is applicable to child support proceedings and, therefore, the defendant impliedly has admitted the mate-

case, by failing to fulfill his obligation to respond to the pleadings that properly were served on him, is deemed to have judicially admitted the underlying facts of the support petition.

As a threshold matter, we set forth the applicable standard of review. The plaintiff is challenging the legal conclusion reached by the magistrate as to the evidentiary impact of a defaulting party in a family support matter. The interpretive construction of the rules of

rial allegations of the plaintiff's petition, the allegations contained within the four corners of the support petition and the attached documentation are wholly insufficient to establish the paternity of the defendant in that the petition and the attachments do not expressly allege a paternal bond.

Each of these claims have been insufficiently briefed by the child advocate. We are not required to review issues that have not been adequately briefed and have therefore been improperly presented to this court. *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 45–46, 699 A.2d 101 (1997). The child advocate's brief fails to provide satisfactory factual or legal foundation for any of the arguments made with regard to the issue of implied admission. The child advocate devoted less than three pages of his brief to this issue; the gravamen of which is a single paragraph that merely stated that "[t]he absence of the defendant at court or lack of the defendant's response was not raised in the [s]tate's appeal petition, and furthermore, is not sufficient for the [s]tate of Connecticut to prevail on the support petition regardless of the [c]ourt's review of Practice Book chapter 10 sections as related to Practice Book chapter 25 sections. The support petition fails to properly plead facts that the defendant is the legal father and is also sans any statement of acknowledgment of paternity being executed, sworn to and properly filed. There is no certainty that the person who signed the acknowledgment is the biological father of the minor child." This paragraph, which stands without citation to either the record or to supporting legal authority and which raises the three claims of the child advocate on appeal, is an inadequate basis for this court properly to review the claims of the child advocate.

It is for those reasons that we decline to review the child advocate's claims regarding the alleged noncompliance of the plaintiff's appeal petition with the statutory requirements for such appeals and the sufficiency of the petition's allegations in asserting facts that would justify an adjudication of paternity. We do exercise our discretion, however, to review the claim regarding the applicability of Practice Book § 10-19 because it was a ground upon which the magistrate issued his written decision, that memorandum makes clear the nature of the argument being asserted, and the applicability of Practice Book § 10-19, and other procedural devices, to family support matters is an important subject that demands clarity.

practice is to be governed by the same principles as those regulating statutory interpretation. *State* v. *Pare*, 253 Conn. 611, 622, 755 A.2d 180 (2000) ("principles of statutory construction apply 'with equal force to Practice Book rules' "). The interpretation of a statute, as well as its applicability to a given set of facts and circumstances, involves a question of law and our review, therefore, is plenary. *Wallingford* v. *Dept. of Public Health*, 262 Conn. 758, 773, 817 A.2d 644 (2003).

Moreover, "[t]he process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Thus, this process requires us to consider all relevant sources of the meaning of the language at issue, without having to cross any threshold or thresholds of ambiguity. Thus, we do not follow the plain meaning rule.

"In performing this task, we begin with a searching examination of the language of the statute, because that is the most important factor to be considered. In doing so, we attempt to determine its range of plausible meanings and, if possible, narrow that range to those that appear most plausible. We do not, however, end with the language. We recognize, further, that the purpose or purposes of the legislation, and the context of the language, broadly understood, are directly relevant to the meaning of the language of the statute.

"This does not mean, however, that we will not, in a given case, follow what may be regarded as the plain meaning of the language, namely, the meaning that, when the language is considered without reference to any extratextual sources of its meaning, appears to be the meaning and that appears to preclude any other likely meaning. In such a case, the more strongly the bare text supports such a meaning, the more persuasive the extratextual sources of meaning will have to be in order to yield a different meaning." (Citations omitted; internal quotation marks omitted.) *State* v. *Courchesne*, 262 Conn. 537, 577–78, 816 A.2d 562 (2003).

We previously have concluded that the statutory scheme regarding child support enforcement "evinces a strong state policy of ensuring that minor children receive the support to which they are entitled." *In re Bruce R.*, 234 Conn. 194, 209, 662 A.2d 107 (1995). Moreover, this scheme also demonstrates unequivocally the legislature's position that this support be provided, to the extent possible, by the parents of minor children. Id., 210. Chapter 25 of the Practice Book was promulgated in order to provide a guiding procedural framework for family support actions that enforce this public policy.

Against this background, we conclude that the defendant, by failing to appear and contest the allegations asserted in the support petition, judicially admitted those facts contained in the petition. Put differently, basic principles of fair notice to the served party and his concomitant obligation to respond to the pleading served on him apply within the context of family support magistrate proceedings. An example of the embodiment of these basic principles of fair notice and obligation to appear exists in Practice Book § 10-19; and we conclude that the spirit and import of that section

applies to the defendant in the present case.[12] Accordingly, the failure of a party to deny the material allegations contained in an adversary's pleading operates as an implied admission of that allegation. This admission may extend from an individual allegation, to a set of allegations, or, in the case of a defaulting party who wholly fails to deny any of the allegations asserted by an adverse party, to the entirety of the pleader's filing constituting a cause of action. "A default in an action for legal and equitable relief admits the material facts constituting a cause of action." (Internal quotation marks omitted.) *Travelers Indemnity Co.* v. *Rubin*, 209 Conn. 437, 445, 551 A.2d 1220 (1988); *Kloter* v. *Carabetta Enterprises, Inc.*, 186 Conn. 460, 464, 442 A.2d 63 (1982).

Although the failure of a party to deny the material allegations of a pleading operates so as to impliedly

---

[12] Contrary to the plaintiff's claim that Practice Book § 10-19 applies within the context of family support magistrate proceedings, the trial court properly determined that § 10-19 does not apply to petitions for child support. Specifically, certain rules of practice within chapter 25 of the Practice Book, which govern family support actions, incorporate certain provisions external to the chapter and render them applicable to family support proceedings. For example, Practice Book § 25-6 provides: "The provisions of Sections 8-1, 8-2, 9-1, 9-3 through 9-6, inclusive, 9-18, 9-19, 9-22, 9-24 and 10-12 through 10-17 of the rules of practice shall apply to family matters as defined in Section 25-1." Notably, Practice Book § 10-19 is not included within any of these sections that incorporate external sections of the rules of practice. Moreover, although Practice Book § 25-9 expressly provides that Practice Book § 10-19 is applicable in "a dissolution of marriage, legal separation, or annulment," no comparable section makes § 10-19 applicable to paternity or support cases. Thus, because there is no provision within chapter 25 of the Practice Book that incorporates Practice Book § 10-19 within the context of proceedings before the family support magistrate, that provision does not apply specifically to such proceedings. See *State* v. *Vickers*, 260 Conn. 219, 225, 796 A.2d 502 (2002) ("[w]e have stated that [u]nless there is evidence to the contrary, statutory itemization indicates that the legislature intended [a] list to be exclusive" [internal quotation marks omitted]). Notwithstanding this determination, we conclude that the spirit and import of Practice Book § 10-19, namely, the principle of fair notice to the served party and the obligation of that party to respond to the pleadings served on him, remains controlling in the present case.

admit the allegations, a default does not automatically trigger judgment for, or the relief requested by, the pleader. The pleader is entitled to an entry of judgment or a grant of relief as a function of the nonresponsive party's default and the attendant implied admission only when the allegations in the well pleaded filing are sufficient on their face to make out a claim for judgment or relief. *Mountview Plaza Associates, Inc.* v. *World Wide Pet Supply, Inc.*, 76 Conn. App. 627, 629–30, 820 A.2d 1105 (2003). While an admission carries with it "all reasonable implications of fact and legal conclusions"; *Guiel* v. *Barnes*, 100 Conn. 737, 743, 125 A. 91 (1924); accord *Berty* v. *Gorelick*, 59 Conn. App. 62, 66, 756 A.2d 856, cert. denied, 254 Conn. 933, 761 A.2d 751 (2000); the admission cannot traverse beyond the bounds of the underlying pleading and admit allegations not made by the pleader; the pleading is, unless leave is granted to modify, the ceiling. As such, while a default admits the material allegations of the underlying pleading, the question as to whether the default requires judgment in favor of the pleader is to be determined by reference to the sufficiency of the pleading itself.[13]

Thus, in the present case, we conclude that the defendant's failure to appear constituted an implied admission of the facts that were alleged in the support petition

---

[13] Default admission of the allegations that constitute a cause of action does not operate so as to admit the entirety of the pleader's filing. The result of a default is an admission of "the truth of the material facts alleged in the complaint which are essential to entitle the plaintiff to some of the relief prayed." *United National Indemnity Co.* v. *Zullo*, 143 Conn. 124, 130, 120 A.2d 73 (1956); accord *Murray* v. *Taylor*, 65 Conn. App. 300, 335, 782 A.2d 702, cert. denied, 258 Conn. 928, 783 A.2d 1029 (2001). In essence, implied admissions as a result of default admit the "floor" or the threshold allegations necessary to render judgment in favor of the pleader. In the child support context, a defendant's failure to deny the material allegations of the support petition would admit the liability of the defendant, in that paternity has been established as alleged in the petition, but would not go beyond, for example, admission of the amount of support as requested in the petitioner's filings.

and the accompanying memoranda. In each of the three documents filed and served on the defendant—the support petition, the summons and order for hearing and notice to the defendant, and the verified statement of facts—reference was made to the plaintiff's assertion that the defendant is the legally liable parent of the minor child. In the support petition, the plaintiff alleged that the "named defendant . . . is the legally liable parent of a child . . . receiving child support services from the State," and that the plaintiff "requests that the family support magistrate order the defendant to provide financial and medical support and maintenance for such child . . . ." In the summons to the defendant, he was notified that "[t]he State . . . has instituted a support petition action against you claiming that you are the legally liable parent of the child . . . named in these papers. . . . You are required to appear in court to raise any defense you may have to these claims. If you fail to appear in court for the hearing . . . a judgment . . . may enter in your absence." Finally, in the verified statement of facts, the minor child was identified by name, date of birth and legal status as "acknowledged." The defendant also was identified by name, address and legal status as "acknowledged father." The assertions contained in these documents not only gave proper notice to the defendant as to the consequences of his failure to appear and defend, but also constituted a sufficient basis upon which an adjudication of paternity may be made and an order of child support may be entered.

Moreover, our conclusion that the defendant in the present case judicially admitted the allegations set forth in the support petition is supported by § 46b-172 (c).[14]

[14] General Statutes § 46b-172 (c) provides in relevant part: "At any time after the signing of any acknowledgment of paternity, upon the application of any interested party, the court or any judge thereof or any family support magistrate in IV-D support cases and in matters brought under sections 46b-212 to 46b-213v, inclusive, shall cause a summons, signed by such judge or magistrate, by the clerk of said court or by a commissioner of the Superior

Section 46b-172 (c) provides that, once a verified petition, summons and order is filed in the appropriate court, the family support magistrate shall "cause a summons, signed by . . . [the] magistrate . . . to be issued, requiring the acknowledged father to appear in court at a time and place as determined by the clerk . . . to show cause why the court or the family support magistrate . . . should not enter judgment for support of the child . . . ." Thus, the burden is on the defendant, once the appropriate proof is filed, to show cause as to why an order of support should not be entered. The failure of the defendant to appear and shoulder this burden, therefore, lends further support to our conclusion that he judicially admitted the allegations of the support petition.

Further, we note with approval the recent decision of the Appellate Court in *Commissioner of Social Services* v. *Syed*, 74 Conn. App. 190, 193–94, 810 A.2d 846 (2002), in which, in circumstances nearly identical to those in the present case, the court looked outside the realm of chapter 25 of the Practice Book and applied the doctrine of implied admissions to a child support proceeding. In *Syed*, the plaintiff filed a support petition seeking to secure an order requiring that the defendant make support payments for his minor child. Id., 191. Following proper service of process, the defendant failed to appear or file an answer in the proceedings. Id. After the dismissal of the petition by the family

Court, to be issued, requiring the acknowledged father to appear in court at a time and place as determined by the clerk but not more than ninety days after the issuance of the summons, *to show cause why the court or the family support magistrate assigned to the judicial district in IV-D support cases should not enter judgment for support of the child by payment of a period sum until the child attains the age of eighteen years, together with provision for reimbursement for past due support based upon ability to pay . . . .* " (Emphasis added.)

support magistrate,[15] the plaintiff appealed to the Superior Court and, following the trial court's affirmance of the magistrate's ruling, the plaintiff appealed to the Appellate Court. Id., 192–93. Before the Appellate Court, the plaintiff claimed that, pursuant to Practice Book § 10-19, the failure of the defendant to appear operated as an implied admission of the material allegations contained in the support petition. Id., 194. The Appellate Court concluded that "the defendant, by virtue of having failed to appear and plead, admitted every material allegation contained in the support petition. . . . Those implied admissions . . . were, as a matter of law, sufficient to allow the plaintiff to prevail on her petition." Id. We find persuasive the reasoning employed by the Appellate Court in *Syed*, and we apply it to the present case.[16]

Because we conclude that the defendant, by failing to appear, judicially admitted the allegations set forth in the support petition, we need not reach the plaintiff's second claim.

The judgment is reversed and the case is remanded to the trial court with direction to reverse the decision of the magistrate, to render judgment for the plaintiff,

---

[15] The family support magistrate dismissed the petition after ruling that the plaintiff's proffered evidence, which consisted of copies of a birth and a marriage certificate that had not been certified by the state entity from which they originated, was insufficient as a matter of law to maintain the action for support. *Commissioner of Social Services* v. *Syed*, supra, 74 Conn. App. 192–93.

[16] The Appellate Court in *Commissioner of Social Services* v. *Syed*, supra, 74 Conn. App. 193–94, apparently concluded that Practice Book § 10-19 specifically applied within the context of proceedings before the family support magistrate. We disagree and instead conclude that Practice Book § 10-19 does not apply to family support magistrate proceedings, but that, pursuant to the doctrine of fair notice to the person served and the obligation to appear to contest the allegations contained in the support petition, the doctrine of implied admissions codified in that section does apply. Nonetheless, the remainder of the reasoning employed by the Appellate Court in *Syed* remains persuasive.

and to remand the case to the magistrate for a hearing on the amount of child support to be ordered.

In this opinion BORDEN, PALMER and VERTEFEUILLE, Js., concurred.

ZARELLA, J., concurring. I agree with the majority's conclusion in this case but write separately only to reaffirm my continuing belief in the plain meaning rule as expressed in my dissenting opinion in *State* v. *Courchesne*, 262 Conn. 537, 597, 618–19, 816 A.2d 562 (2003) (*Zarella, J.*, dissenting).