******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

COMMISSIONER OF SOCIAL SERVICES ET AL. *v.*
TRAVIS ZARNETSKI
(AC 38685)

Lavine, Mullins and Mihalakos, Js.

*Syllabus*

The plaintff Commissioner of Social Services appealed to the trial court
from the decision of a family support magistrate dismissing the plaintiff's
petition for child support, which was filed on behalf of the minor child's
mother, B. In the petition, the plaintiff alleged that child support services
were being provided to the minor child and that the defendant, Z, was
the child's acknowledged father. The magistrate dismissed the support
petition for failure to provide a copy of the acknowledgment of paternity
signed by Z, which was executed at a hospital in Massachusetts where
the child was born. Neither B nor Z contested the issue of paternity,
and the plaintiff presented evidence of paternity through a Massachu-
setts birth certificate and the testimony of both B and Z, but was unable
to produce a copy of the acknowledgment of paternity. The trial court
rendered judgment affirming the magistrate's decision dismissing the
support petition, from which the plaintiff appealed to this court. *Held*
that the trial court improperly affirmed the magistrate's order dismissing
the support petition: the plaintiff was not required, pursuant to the
relevant statutory (§§ 46b-172 and 46b-215) provisions, to produce the
Massachusetts acknowledgement of paternity in order to allow the mag-
istrate to proceed on the support petition, as the procedure for a hearing
on a support petition merely requires that the acknowledged father be
served with a summons, which does not need to be accompanied by a
copy of the acknowledgment, it is not necessary for the acknowledgment
to be filed for it to be valid, and an out-of-state acknowledgment is
given the same full faith and credit as one executed in Connecticut,
and, therefore, the trial court acted in contravention of the plain and
unambiguous language of §§ 46b-172 and 46b-215 when it found that
the magistrate properly dismissed the support petition for the failure
to provide a copy of the Massachusetts acknowledgment; moreover, for
the magistrate and the trial court to require the petitioner to submit an
acknowledgment of paternity when paternity was not at issue was in
contravention of the public policy of ensuring that a minor child receive
the support to which he or she is entitled without unnecessary difficulty,
as Z did not deny his relation to the child and provided testimony that
he was the child's father and that he had signed the acknowledgment,
the child's birth certificate supported Z's testimony by listing him as
the father, and B further corroborated that Z was the father of the child,
all of which was sufficient for the magistrate to proceed on the support
petition and to enter an order for child support.

Argued April 26—officially released August 22, 2017

*Procedural History*

Petition for financial and medical support and mainte-
nance, brought to the Superior Court in the judicial
district of Litchfield and referred to the family support
magistrate, *Jed N. Schulman*; order of dismissal; there-
after, the named plaintiff filed a petition to appeal to
the trial court, *Hon. Elizabeth A. Gallagher*, judge trial
referee; judgment dismissing the petition and affirming
the decision of the family support magistrate; subse-
quently, the court denied the named plaintiff's motion
to reargue, and the named plaintiff appealed to this
court; thereafter, the court denied the named plaintiff's
motion for an articulation. *Reversed; judgment
directed.*

*Steven L. Samalot*, assistant attorney general, with whom were *Sean Kehoe*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, and *Rochelle Homelson*, assistant attorney general, for the appellant (named plaintiff).

*Opinion*

MIHALAKOS, J. The plaintiff, the Commissioner of Social Services, appeals from the judgment rendered by the trial court affirming the order of the Family Support Magistrate (magistrate) dismissing the plaintiff's support petition for failure to provide a copy of the acknowledgment of paternity. The plaintiff claims that the trial court erred in affirming the order of the magistrate because the plaintiff was not required to provide a copy of the acknowledgment of paternity for the magistrate to proceed on the support petition. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The record discloses the following relevant facts and procedural history. On November 21, 2014, the plaintiff,[1] acting on behalf of Christine Bassett[2] and pursuant to General Statutes §§ 46b-215,[3] 17b-745,[4] and/or 46b-172,[5] initiated an action for child support by filing a support petition with the Family Support Magistrate Division. Attached to the petition was a verified statement of facts that alleged, inter alia, that the plaintiff was providing child support services to a minor child and that the defendant, Travis Zarnetski, was the acknowledged father of the child.[6] In support of the allegation that the defendant was the acknowledged father, the plaintiff appended to its petition a copy of the child's Massachusetts birth certificate, which listed Bassett as the mother and the defendant as the father.

On January 12, 2015, the case proceeded before the magistrate. The defendant appeared and testified that, at the time of the child's birth, he admitted that he was the father by signing an acknowledgment of paternity. This occurred at a hospital in Massachusetts, where the child was born. The defendant also testified that he placed his name on the child's birth certificate.

The magistrate determined that it needed a copy of the Massachusetts acknowledgment, which neither the plaintiff nor the defendant had. Accordingly, the magistrate directed the plaintiff to obtain a copy of the Massachusetts acknowledgment and stated that failure to do so may result in the dismissal of the support petition.

On April 13, 2015, the plaintiff appeared again before the magistrate. The plaintiff informed the magistrate that the Department of Social Services (department) was unable to obtain a copy of the Massachusetts acknowledgment. An employee of the department testified that she had attempted to obtain a copy, but that the Commonwealth of Massachusetts required a $40 fee, and the department would not pay the fee. The department contacted local child support offices in Massachusetts and inquired whether they had a copy of the acknowledgment on file, but none of the offices had such a copy. Bassett, however, testified that the defendant had signed the acknowledgment of paternity

in her presence and that he never rescinded the acknowledgment.

The plaintiff requested that the magistrate proceed on the support petition despite the plaintiff's inability to provide a copy of the acknowledgment because neither Bassett nor the defendant were contesting the issue of paternity, and the plaintiff had presented evidence of paternity through the Massachusetts birth certificate and the testimony of both the defendant and Bassett. The magistrate, however, determined that it still required the Massachusetts acknowledgment and, accordingly, dismissed the support petition without prejudice.

On April 27, 2015, the plaintiff appealed the magistrate's order to the Superior Court pursuant to General Statutes § 46b-231 (n),[7] claiming that the magistrate's dismissal of the support petition was an error of law. In its November 9, 2015 memorandum of decision, the trial court held that the magistrate did not err when it required that the Massachusetts acknowledgment of paternity be entered into evidence before proceeding with the support petition because the acknowledgment had been signed in another state. Accordingly, the trial court dismissed the appeal. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the plaintiff claims that the trial court's judgment affirming the magistrate's order dismissing the support petition was an error of law. Specifically, the plaintiff argues that neither of the relevant statutes, §§ 46b-172 and 46b-215, require a copy of the acknowledgment of paternity to be produced when paternity is not at issue, and when the defendant, the putative father, testifies that he signed the acknowledgment and caused his name to be placed on the birth certificate. Moreover, the plaintiff claims that the trial court's decision is in contravention of the legislative intent and strong state policy to ensure that minor children receive the support to which they are entitled. We agree with the plaintiff.

We first set forth our standard of review. The plaintiff's claim presents a matter of statutory construction, which is a question of law. "The interpretation of a statute, as well as its applicability to a given set of facts and circumstances, involves a question of law and our review, therefore, is plenary." *Commissioner of Social Services* v. *Smith*, 265 Conn. 723, 734, 830 A.2d 228 (2003).

"The principles that govern statutory construction are well established. When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether

the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When a statute is not plain and unambiguous, we also look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy is was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter . . . .'' *Ventura* v. *East Haven*, 170 Conn. App. 388, 404–405, 154 A.3d 1020, cert. granted on other grounds, 325 Conn. 905, 156 A.3d 537 (2017).

"[Our Supreme Court] previously [has] concluded that the statutory scheme regarding child support enforcement evinces a strong state policy of ensuring that minor children receive the support to which they are entitled. . . . Moreover, this scheme also demonstrates unequivocally the legislature's position that this support should be provided, to the extent possible, by the parents of minor children.'' (Citation omitted; internal quotation marks omitted.) *Commissioner of Social Services* v. *Smith*, supra, 265 Conn. 735.

Against this background, we conclude that the relevant statutory provisions do not require the plaintiff to produce the Massachusetts acknowledgment of paternity in order for the magistrate to proceed on the support petition. Pursuant to § 46b-172 (a) (1), "a written acknowledgement of paternity executed and sworn by the putative father of the child . . . shall have the same force and effect as a judgment of the Superior Court. It shall be considered a legal finding of paternity without requiring or permitting judicial ratification, and shall be binding on the person executing the same whether such person is an adult or a minor, subject to subdivision (2) of this subsection. Such acknowledgment shall not be binding unless, prior to the signing of any affirmation or acknowledgment of paternity, the mother and the putative father are given oral and written notice of the alternatives to, the legal consequences of, and the rights and responsibilities that arise from signing such affirmation or acknowledgment.''

Also relevant to this appeal are two other subsections of § 46b-172. "An acknowledgment of paternity signed in any other state according to its procedures shall be given full faith and credit by this state. General Statues § 46b-172 (a) (H). Additionally, subsection (c) (1) of that statute provides in relevant part: "At any time after the signing of any acknowledgment of paternity, upon the application of any interested party, the court or any judge thereof or any family support magistrate in IV-D

support cases and in matters brought under sections 46b-301 to 46b-425, inclusive, shall cause a summons . . . to be issued, requiring the acknowledged father to appear in court at a time and place as determined by the clerk . . . to show cause why the court or the family support magistrate . . . should not enter judgment for support of the child . . . ."

Nowhere in the pertinent language of § 46b-172 is a plaintiff required to provide either the magistrate or the trial court with a copy of an acknowledgment of paternity in order for a support petition to proceed. Indeed, the procedure for a hearing on a support petition merely requires that the acknowledged father be served with a summons to appear in court, and such summons need not be accompanied by a copy of the acknowledgment. Moreover, the acknowledgment need not be filed in order to be valid.[8] The requirements do not change for an out-of-state acknowledgment; pursuant to § 46b-172, an out-of-state acknowledgment is to be given the same full faith and credit as an acknowledgment executed in Connecticut. Had the legislature intended to require out-of-state acknowledgments to be submitted to the magistrate in order for them to be given the same full faith and credit as a Connecticut acknowledgment, it could have added such a provision. Accordingly, we conclude that, in finding that the magistrate properly dismissed the support petition on the basis that a copy of the Massachusetts acknowledgment was required, the trial court acted in contravention to the plain and unambiguous language of § 46b-172.

Turning now to § 46b-215, subsection (a) (1) provides: "The Superior Court or a family support magistrate may make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to such person's spouse or a child under the age of eighteen or as otherwise provide in this subsection, according to such person's ability to furnish such support, notwithstanding the provisions of section 46b-37. If such child is unmarried and a full-time high school student, such support shall continue according to the parents' respective abilities, if such child is in need of support, until such child completes the twelfth grade or attains the age of nineteen, whichever occurs first." Moreover, § 46b-215 (a) (4) provides that "[f]or purposes of this section, the term 'child' shall include one born out of wedlock whose father has acknowledged in writing paternity of such child or has been adjudged the father by a court of competent jurisdiction . . . ."

Section 46b-215 (a) (4) creates a duty for parents, married or otherwise, to support their children. An individual who has a child out of wedlock may be subject to this duty if he acknowledged paternity in writing. The statute, however, does not explicitly or implicitly require that the written acknowledgment be submitted

as evidence in order for a magistrate to proceed on a support petition. Had the legislature intended such, it would have incorporated into the language of the statute a requirement that the acknowledgment must be submitted. Accordingly, we conclude that the trial court acted in contravention to the plain and unambiguous language of § 46b-215 when it found that the magistrate properly dismissed the support petition for the failure to provide a copy of the Massachusetts acknowledgment.

In addition, for the magistrate and trial court to require the plaintiff to submit an acknowledgment of paternity when paternity was not at issue is in contravention to our public policy of ensuring that a minor child receive the support to which he or she is entitled without unnecessary difficulty. The defendant did not deny his relation to the child. Indeed, the defendant testified not only to signing the acknowledgment, but also to being the father of the child. Moreover, the evidence did not contradict these admissions. Rather, the birth certificate supported the defendant's testimony by listing him as the child's father.[9] Furthermore, Bassett's testimony corroborated that of the defendant, as she also testified that the defendant was the father of and had acknowledged the child. Such testimony coupled with the child's birth certificate should have been sufficient for the magistrate to proceed on the support petition and to enter an order for child support. See *Colbert* v. *Carr*, 140 Conn. App. 229, 238, 57 A.3d 878 (paternity not at issue because established by defendant's own admission at time of child's birth and trial court heard no evidence to suggest defendant was unwilling or unable to sign acknowledgment of paternity), cert. denied, 308 Conn. 926, 64 A.3d 333 (2013).

The judgment is reversed and the case is remanded with direction to render judgment for the plaintiff, to reverse the decision of the magistrate and to remand the case to the magistrate for a hearing on the amount of child support to be ordered.

In this opinion the other judges concurred.

[1] The plaintiff acted and continues to act through the Department of Social Services—Bureau of Child Support Enforcement.

[2] Although Christie Bassett is also a plaintiff in this action, we refer in this opinion to the Commissioner of Social Services as the plaintiff and to Bassett by name.

[3] General Statutes § 46b-215 (a) provides in relevant part: "(1) . . . A family support magistrate may make and enforce orders for payment of support against any person who neglects or refuses to furnish necessary support to such person's . . . child under the age of eighteen . . . .

"(3) Proceedings to obtain orders of support under this section shall be commenced by the service on the liable person . . . of a verified petition, with summons and order, of the husband or wife, child or any relative . . . or in IV-D support cases, as defined in subdivision (13) of subsection (b) of section 46b-231, the Commissioner of Social Services."

General Statutes § 46b-231 (b) (13) provides in relevant part: " 'IV-D support cases' means cases in which the [Bureau of Child Support Enforcement within the Department of Social Services] is providing child support enforcement services . . . ."

[4] General Statutes § 17b-745 provides in relevant part: "(a) (1) The Superior Court or a family support magistrate may make and enforce orders for

payment of support . . . in IV-D support cases, to the state acting by and through the [Bureau of Child Support Enforcement within the Department of Social Services], directed to the husband or wife, and if the . . . person is under the age of eighteen years . . . to any parent of any . . . person being supported by the state . . . . "

[5] General Statutes § 46b-172 provides in relevant part: "(a) (1) . . . A written acknowledgment of paternity executed and sworn to by the putative father of the child when accompanied by (A) an attested waiver of the right to a blood test, the right to a trial and the right to an attorney, and (B) a written affirmation of paternity executed and sworn to by the mother of the child . . . shall have the same force and effect as a judgment of the Superior Court. It shall be considered a legal finding of paternity without requiring or permitting judicial ratification, and shall be binding on the person executing the same whether such person is an adult or a minor, subject to subdivision (2) of this subsection. . . .

"(c) (1) At any time after the signing of any acknowledgment of paternity, upon the application of any interested party, the court or any judge thereof or any family support magistrate in IV-D support cases and in matters brought under sections 46b-301 to 46b-425, inclusive, shall cause a summons, signed by such judge or family support magistrate, by the clerk of the court or by a commissioner of the Superior Court, to be issued, requiring the acknowledged father to appear in court at a time and place as determined by the clerk but not more than ninety days after the issuance of the summons, to show cause why the court or the family support magistrate assigned to the judicial district in IV-D support cases should not enter judgment for support of the child by payment of a periodic sum until the child attains the age of eighteen years or as otherwise provided in this subsection, together with provision for reimbursement for past-due support based upon ability to pay in accordance with the provisions of section 17a–90 or 17b-81, subsection (b) of section 17b-179 or 17b-223, 46b-129 or 46b-130, a provision for health coverage of the child as required by section 46b-215, and reasonable expense of the action under this subsection. . . ."

Section 46b-172 (c) was amended in 2015 by Public Acts, No. 15-71, § 85. For convenience, we refer herein to the current revision of the statute.

[6] The word "acknowledged" in paternity and child support proceedings refers to a written acknowledgment of paternity executed and sworn to pursuant to § 46b-172. See General Statutes § 7-36 (11) (" '[a]cknowledgment of paternity' means to legally acknowledge paternity of a child pursuant to section 46b-172").

[7] General Statutes § 46b-231 (n) provides in relevant part: "A person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section. . . .

"(6) The appeal shall be conducted by the Superior Court without a jury . . . .

"(7) The Superior Court may affirm the decision of the family support magistrate or remand the case for further proceedings. The Superior Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced . . . ."

[8] It is also noteworthy that General Statutes (Rev. to 1997) § 46b-172 (a) provided in relevant part: "the written acknowledgement of paternity executed and sworn to by the putative father of the child when accompanied by . . . a written affirmation of paternity executed and sworn by the mother of the child *and filed with Superior Court* for the judicial district in which the mother of the child of the putative father resides shall have the same force and effect of that court . . . ." (Emphasis added.) When that statute was amended by No. 99-193, § 7, of the 1999 Public Acts, the filing requirement was removed.

[9] We find it noteworthy that Massachusetts law requires that, when a child is born out of wedlock, paternity must be established before the father may place his name on the child's birth certificate. Specifically, pursuant to Mass. Gen. Laws c. 46, § 1 (2016), "[i]n the record of birth of a child born to parents not married to each other, *the name of and other facts relating to the father shall not be recorded except as provided in section 2 of chapter 209C where paternity has been acknowledged or adjudicated* under the laws of the commonwealth or under the law of any other jurisdiction." (Emphasis added.)