925 A.2d 1026 (2007)
2007 VT 50
In re PRB Docket No. 2006-167.
No. 06-287.
Supreme Court of Vermont.
May 2, 2007.
*1027 Present: REIBER, C.J., and DOOLEY, JOHNSON, SKOGLUND and BURGESS, JJ.

ENTRY ORDER
¶ 1. Disciplinary Counsel appeals from a decision of the Professional Responsibility Board. Disciplinary Counsel and respondent entered into a stipulation which recommended the Hearing Panel find that respondent had violated Rule 1.3 of the Vermont Rules of Professional Conduct. The parties further recommended that the Panel impose a private admonition as the appropriate sanction. The Hearing Panel found no violation of Rule 1.3, and dismissed the complaint. We affirm.
¶ 2. Respondent, admitted to the bar in 1985, represented a client in a criminal matter in district court. A jury convicted the client, and on November 29, 2000, the court imposed a sentence of incarceration. The client asked respondent to file a notice of appeal on his behalf, and respondent agreed to do so. Respondent filed his client's notice of appeal five days after the deadline, and this Court dismissed the appeal as untimely.
¶ 3. Fewer than sixty days after the appeal was dismissed, the Prisoners' Rights Division of the Defender General's Office filed a petition for post-conviction relief in superior court on behalf of the client alleging that the respondent's untimely filing of the appeal constituted ineffective assistance of counsel. Respondent cooperated in that proceeding as a potential witness. The parties settled the post-conviction relief case by providing the client an additional thirty days in which to file a new notice of appeal. The client filed his second notice of appeal within that time, and this Court eventually denied the client's appeal on the merits.
¶ 4. The client then filed a professional conduct complaint against respondent, alleging that he failed to act diligently and promptly in filing the original notice of appeal. The Vermont Rules of Professional Conduct require an attorney to act with reasonable diligence and promptness in representing a client. V.R.P.C. 1.3. Respondent cooperated with the disciplinary process, and admitted the alleged misconduct. As noted above, Disciplinary Counsel and respondent entered into a stipulation in which respondent admitted misconduct and the parties recommended an agreed-upon sanction to the Hearing Panel of the Professional Responsibility Board. The Panel held that missing the deadline to file a notice of appeal did not constitute a violation of Rule 1.3 in this case. Therefore, the Board dismissed the complaint. One member of the Board dissented. Disciplinary Counsel appealed.
¶ 5. "This Court makes its own decisions as to attorney discipline, according deference to the Board's findings." In re Keitel, 172 Vt. 537, 538, 772 A.2d 507, 509 (2001) (mem.). "[W]e . . . give deference to the recommendation of the Hearing Panel," but we make our own determination as to which sanctions are appropriate. In re Blais, 174 Vt. 628, 630, 817 A.2d 1266, 1269 (2002) (mem.) (internal citations omitted). The Court "must accept the Panel's findings of fact unless they are clearly erroneous." Id. at 629, 817 A.2d at 1269. There is no challenge to the facts as found by the Hearing Panel.
*1028 ¶ 6. The Vermont Rules of Professional Conduct require that "[a] lawyer shall act with reasonable diligence and promptness in representing a client." V.R.P.C. 1.3. The definitions in the preamble to the rules state that the term "reasonable" when used in relation to conduct by a lawyer "denotes the conduct of a reasonably prudent and competent lawyer." The standard of proof for charges of misconduct is "clear and convincing evidence." A.O. 9, Rule 16(C). Thus, the Panel was asked to find by clear and convincing evidence that a single instance of a missed appellate deadline was misconduct. The Panel held that "[a] single isolated act of negligence without any further acts compounding the error does not breach the standard of Rule 1.3." It reasoned that "[w]ere we to find a violation here, most attorney errors would be subject to the disciplinary system."
¶ 7. In arriving at this conclusion, the Panel looked to two prior disciplinary rulings for guidance. The Panel first examined a case in which an attorney missed a child support hearing due to a calendaring error. In re PRB File No.2005.202, Decision No. 81 (Nov. 22, 2005). In that case, the Panel found no prior disciplinary record, and no dishonest or selfish motive. The attorney made a full and free disclosure to Disciplinary Counsel and expressed remorse for her actions. In addition, the client suffered no injury because the client appeared at the hearing and requested and received a continuance. There, the Panel held that a single instance of inadvertence or negligence was not misconduct, absent further inappropriate conduct after the inadvertence or negligence. Charges were dismissed.
¶ 8. The Panel also considered a case in which all of the difficulties in the case stemmed from one act of negligence. In re PRB File No.2005.191, Decision No. 90 (Mar. 17, 2006). In that case, the attorney, appearing pro hac vice, failed to file a notice of appearance, and so he did not receive notice of a crucial discovery-scheduling order. As a result, he filed numerous untimely discovery requests which were all denied. The Panel found that the respondent knew a discovery order would be issued but made no effort to obtain a copy of the order and discover its contents within the discovery period. It was the attorney's failure to follow up on an order that he never received but should have known would be issued that changed the case from one of simple negligence into one of misconduct.
¶ 9. In the case before us, the Panel found that a single isolated act of negligence did not constitute misconduct under the rules. We agree with manner in which the Panel balanced the attorney's conduct in this case against the public protection goals articulated by the Rules of Professional Conduct. In general, the rules are "intended to protect the public from persons unfit to serve as attorneys and to maintain public confidence in the bar." In re Berk, 157 Vt. 524, 532, 602 A.2d 946, 950 (1991) (per curiam) (although Berk referred particularly to sanctions, it is clear that these are the overarching goals of the rules). The respondent missed an important deadline, but he worked to remedy his error with the client and subsequent counsel. In the end, the client was afforded his appellate rights. Respondent's cooperation distinguishes his conduct from cases in which the Panel found misconduct based on failures to act. Further, there was no evidence that respondent attempted to evade or deny his error. Cf. In re PRB File No.2004.062, Decision No. 68 (July 3, 2004) (attorney's negligence followed by a long period of inaction and a refusal to answer client's calls); In re PRB File No.2002.219, Decision No. 57 (July 7, 2003) *1029 (attorney's negligence was followed by eighteen months in which attorney failed to communicate with client); In re PRB File No.2003.183, Decision No. 56 (June 9, 2003) (attorney's failure to pay credit card bills immediately after a real estate closing prompted phone calls from client, and attorney did not take immediate action). And, the Panel found respondent took remedial action after he discovered his negligence. Cf. In re Furlan, Decision No. 65 (May 5, 2004) (attorney's negligence in missing two court dates was compounded by the fact that when the court ruled against his clients after failure to appear, he took no action because he believed the case had no merit).
¶ 10. This decision should not be read to excuse single negligent acts or omissions by attorneys in all situations. Missing a filing deadline is never insignificant, but the availability of remedies to correct a mistake may tend to mitigate the seriousness of an error. The absence of an opportunity to cure a negligent misstep may render an error more serious and, depending on the circumstances, constitute misconduct even though isolated. The Panel exercised its authority in reasonably balancing the competing interests in this case. We agree with the Panel that respondent's error was appropriately remedied through the post-conviction relief process, and none of the goals of attorney discipline would have been served by imposing discipline here. See In re Blais, 174 Vt. at 631, 817 A.2d at 1270 (goal of attorney discipline is to protect the public). It is true that respondent has been disciplined once before, and we acknowledge that the concerns stated by the dissenting Panel member in this case are important. However, we agree with the Board's conclusion that respondent's actions did not rise to the level of misconduct. To so hold would result in bringing all instances of an attorney's inadvertence or negligence within the realm of misconduct. We do not believe that the rule is this broad and far reaching. Attorneys are held to a high standard of conduct, but absent injury or other factors, a single mistake does not show a lack of reasonable diligence or promptness.
Affirmed.