# ENTRY ORDER

## 2015 VT 101

## SUPREME COURT DOCKET NO. 2015-258

## AUGUST TERM, 2015

| | | |
|---|---|---|
| In re PRB Docket No. 2015.002 | } | ORIGINAL JURISDICTION |
| | } | |
| | } | Professional Responsibility Board |
| | } | |
| | } | DOCKET NO. 2015.002 |

In the above-entitled cause, the Clerk will enter:

¶ 1. Upon review of the hearing panel decision in this matter, the Court concludes as follows: The decision presents a well-reasoned discussion and resolution of a problem common in legal practice, particularly for small firms and solo practitioners. Accordingly, the Court orders review of the decision on its own motion, adopts the hearing panel decision in its entirety as a final order of this Court, waives briefing and oral argument, and orders that the decision be published in the Vermont Reports. The order of publication does not alter the hearing panel's decision granting the parties' request for confidentiality of the amended stipulation and the filings in this matter.

## STATE OF VERMONT
## PROFESSIONAL RESPONSIBILITY BOARD

In re: PRB File No. 2015.002

## Decision No. <u>189</u>

The parties filed a Stipulation of Facts together with Recommended Conclusions of Law and a Recommendation for Sanctions. In response to this panel's request for more information, the parties filed an Amended Stipulation of Facts. The parties also filed a request for a protective order to maintain confidentiality of matters detailed in the amended stipulation. Respondent has waived certain procedural rights including the right to an evidentiary hearing.

The panel accepts the stipulated facts and conclusions and orders that Respondent be admonished by Disciplinary Counsel for failure to reduce a contingent fee agreement to writing in violation of Rule 1.5(c) of the Vermont Rules of Professional Conduct.

Since the hearing panel has accepted the recommendation for admonition, the matters before the panel are confidential under Administrative Order 9, Rule 12 (A). To the extent that the filings are not protected by this rule, the parties' request for a protective order to maintain confidentiality is granted.

## Facts

R.P. first became of client of Respondent in 2005 when he suffered serious injuries in a fall from a roof. Respondent also represented R.P. in numerous other matters over the years. Respondent last represented R.P. for injuries sustained while being transported to a medical facility. In early 2012, the matter was settled at mediation for $1,000,000. At the conclusion of the mediation Respondent gave R.P. a breakdown of the settlement funds, which included attorney's fees in the amount of $333,333.33 (one third of the settlement). Respondent also gave R.P. a copy of a letter to Medicare that detailed the settlement and disbursements, including attorney's fees.

While Respondent discussed his one-third contingency fee with R.P. on numerous occasions, Respondent failed to reduce the agreement to writing. This failure was the result of oversight due, in part, to the continuing nature of his representation of R.P. over the years.

The final payout of the settlement was made in May of 2012 and included the $333,333.33 payment to Respondent.

In June of 2014, more than two years later, R.P. spoke with an attorney about the handling of his case by Respondent. The attorney contacted Respondent and asked for a copy of the fee agreement. Respondent then realized for the first time that he had failed to obtain a written agreement and self-reported the violation to the Office of Disciplinary Counsel. At no time prior to June of 2014 did R.P. indicate that he was dissatisfied with the settlement or with Respondent's fee.

R.P. subsequently file a legal malpractice suit against Respondent and Respondent's firm alleging that because Respondent did not have the contingency fee agreement in writing, he was not entitled to any fee, or alternatively, that there was an oral agreement for a hourly fee. R.P. also alleges other claims that are not relevant to this disciplinary matter.

The following mitigating factors are present: Respondent has no disciplinary record, he had no selfish or dishonest motive, he made a full and free disclosure to disciplinary counsel and has cooperated with the disciplinary proceedings. The only aggravating factor is Respondent's substantial experience in the practice of law.

If, after the conclusion of the malpractice action, R.P. is awarded some or all of the fees he paid to Respondent, this forced restitution would be considered neither aggravating nor mitigating. ABA Standards for Imposing Lawyer Sanctions, §9.4(a). The fact that R.P. has sued Respondent for malpractice is not in and of itself an aggravating factor.

## Conclusion of Law

Rule 1.5(c) of the Vermont Rules of Professional Conduct provides that:

> A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation or other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party.

Respondent violated this rule when he failed to put his contingency fee agreement in writing.

## Sanctions

3

In determining the appropriate sanction in this matter we look to both the ABA Standards and Vermont case law. Under the ABA Standards we consider the duty violated, the lawyer's mental state, the injury or potential for injury and the presence of aggravating or mitigating factors.

Respondent violated his duty as a professional to insure that his fee agreement with his client was reduce to writing. The parties have stipulated, and we concur, that the evidence shows that Respondent's mental state was one of negligence. He had a prior, lengthy and diverse relationship with R.P. Prior work had been billed on an hourly basis. After the automobile accident, Respondent immediately began to protect R.P.'s interests. Because of the nature of their on-going relationship, general office policies were not followed with respect to the fee agreement. This oversight was inadvertent, not intentional. R.P. was orally advised as to the contingency nature of the fee agreement and had seen a written breakdown of all the fees and expenses that were being deducted from the settlement. R.P. had seen and approved without objection the attorney's fees and expenses before accepting and negotiating his portion of the total settlement proceeds.

Whether or not there was actual injury to the client is unknown at this time. There is substantial evidence that the client had been aware of the contingency agreement and had seen documents indicating the amount or Respondent's fee and had raised no objection until more than two years after the funds had been disbursed. The fact that R.P. is suing Respondent alleging that he is entitled to a return of the entire fee is not sufficient evidence to establish actual injury. If evidence of a further violation of the Rules of Professional Conduct is developed in the course of the malpractice suit, that can be the subject of an additional investigation by Disciplinary Counsel.

Even if the client should prevail in his suit to recover all or part of the fee paid, the facts may not support a claim of misconduct. There can be malpractice in the absence of misconduct. In Re PRB Docket No. 2006-167, 2007 VT 50, 181 Vt. 625 (mem.).

The ABA Standards provide that admonition is "generally appropriate when a lawyer engages in an isolated instance of negligence that is a violation of a duty owed as a professional, and causes little or no actual or potential injury to the client, the public or the legal system." §7.4.

The presence of a number of mitigating factors and only one aggravating factor, support the conclusion that admonition is the appropriate sanction in this matter. Respondent has no prior disciplinary offenses, ABA Standards §9.32(a), he had no selfish or dishonest motive, ABA Standards §9.32(b), he self-reported the violation to the office of Disciplinary Counsel, ABA Standards §9.32(c), he has cooperated with the disciplinary proceedings, ABA Standards §9.32(e), and has expressed remorse, ABA Standards §9.32(l). The only aggravating factor is Respondent's substantial experience in the practice of law, ABA Standards §9.22(i), but this is not sufficient to raise the level of sanction in this matter.

There is only one Vermont case that addresses the violation of Rule 1.5(c), In re Fink, 2011 VT 42, 189 Vt. 470. Attorney Fink represented the client in connection with his divorce. Another attorney represented the client in a personal injury suit against multiple defendants. The client had a written one-third contingency fee agreement with this lawyer. The client asked Attorney Fink to assist the other attorney. The other attorney was not a party to this conversation and did not intend that Attorney Fink would take on any substantive role in the personal injury matter, but it was agreed that Attorney Fink would assist in communication between the client and his personal injury lawyer. Attorney Fink negotiated a contingency fee agreement with the client for 12% of his recovery over and above the amount to be paid to the other attorney. Attorney Fink's role in the personal injury suit was not defined and the fee agreement was not reduced to writing.

5

The hearing panel found, and the Supreme Court affirmed, a violation of Rule 1.5(c) for failure to put the contingency fee agreement in writing and also for charging an unreasonable fee and ordered that Fink be publicly reprimanded.

In Fink there was no understanding of the nature of the work to be done other than the facilitation of communication and that did not take the skills of an experienced lawyer. In the present case there was no misunderstanding of Respondent's role. He undertook to represent R.P. in the personal injury case and brought the case to conclusion, which at the time of settlement seemed acceptable to R.P.

For this reason, and also because of the presence of the mitigating factors noted above, we accept the parties' recommendation of admonition by disciplinary counsel.

### Order

Respondent shall be admonished by Disciplinary Counsel for violation of Rule 1.5(c) of the Vermont Rules of Professional Conduct.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

☒ Publish

_____
John A. Dooley, Associate Justice

☐ Do Not Publish

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

6