******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CORNFIELD ASSOCIATES LIMITED PARTNERSHIP
*v.* DAVID W. CUMMINGS
(AC 34264)

DiPentima, C. J., and Robinson and Mihalakos, Js.*

*Argued November 13, 2013—officially released February 4, 2014*

(Appeal from Superior Court, judicial district of Hartford, Complex Litigation Docket, Berger, J.)

*David W. Cummings*, self-represented, the appellant (defendant).

*Robert W. Chesson*, with whom, on the brief, were *G. Adam Schweickert* and *Joseph C. Abraham*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this summary process action, the self-represented defendant, David Cummings,[1] appeals from the judgment of the trial court denying his motion to open the stipulated judgment he entered into with the plaintiff, Cornfield Associates Limited Partnership. The defendant claims that the court erred by finding that the stipulated judgment was not obtained by duress or mistake.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. The defendant leased property from the plaintiff. On or about April 16, 2008, the plaintiff served the defendant with a notice to quit possession. The defendant failed to comply. On April 28, 2008, the plaintiff filed the underlying summary process action, alleging that the defendant had failed to pay in a timely manner his rent that was due on April 1, 2008. The defendant filed a motion to dismiss the complaint, claiming that the court lacked subject matter jurisdiction because the plaintiff accepted a late payment. While the motion to dismiss was still pending, the court, *Hiller, J.*, transferred the case to the complex litigation docket. In December, 2010, the court, *Berger, J.*, denied the defendant's motion to dismiss after finding that, although the plaintiff had deposited the checks given by the defendant after the service of the notice to quit, the plaintiff put the defendant on notice that any such payments would be for use and occupancy only and would not create a new tenancy. The defendant filed an answer and special defenses to the complaint, and the plaintiff denied the allegations of the special defenses.

The parties were scheduled to begin trial before Judge Berger, but the defendant requested mediation. On May 27, 2011, the parties participated in mediation facilitated by Judge Oliver. With the help of Judge Oliver, the parties reached a tentative agreement, but the defendant requested more time to consider it. Judge Oliver ordered them to return to court on June 1, 2011, to accept the agreement or to begin the trial.

On May 31, 2011, the defendant filed a motion for a continuance, stating that he was ill but that the court could reach him by telephone. The court, *Berger, J.*, denied the defendant's motion for a continuance, and the matter proceeded as scheduled. The plaintiff appeared on June 1, 2011, and accepted the proposed agreement in front of Judge Oliver. The court attempted to call the defendant by telephone several times, but was unable to reach him.[3] Judge Oliver then issued an order on June 1, 2011, requiring the defendant to fax his acceptance of the proposed agreement to the courthouse by June 2, 2011, or the trial would be scheduled to begin. The order also stated that if the defendant accepted the proposed agreement, the matter would be

scheduled for a court canvass of the defendant.

The defendant responded by facsimile that he accepted the proposed agreement, and on June 3, 2011, the court, *Berger, J.*, rendered a stipulated judgment pursuant to the parties' agreement.[4] The agreement provided that the judgment would enter on the basis of "[l]apse of [t]ime," that there would be a final stay of execution until September 30, 2011, and that the defendant would vacate no later than September 30, 2011.

On June 6, 2011, the defendant filed a motion requesting that the court schedule a court canvass of the defendant pursuant to Judge Oliver's June 1, 2011 order. That same day, the court, *Oliver, J.*, denied the defendant's request for a court canvass after finding that "the written agreement contained language sufficient to establish the knowing and voluntary acceptance of the agreement by both parties." On June 9, 2011, the defendant filed a motion to reargue the stipulated judgment and the June 6, 2011 order, and again requested that the court schedule a court canvass of the defendant. The court, *Berger, J.*, denied the defendant's motion to reargue on June 10, 2011.

On June 16, 2011, the defendant filed an appeal from the stipulated judgment and the denial of his motion to reargue. On August 8, 2011, the plaintiff filed a motion to dismiss the defendant's appeal. While his appeal was still pending, the defendant filed a motion to open the stipulated judgment on September 30, 2011. He claimed that the judgment entered due to mistake, stress and duress. On October 13, 2011, we dismissed the defendant's appeal. On January 27, 2012, the court, *Berger, J.*, found that the judgment was not obtained through duress or mistake, and denied the defendant's motion to open.

On January 31, 2012, the defendant filed the present appeal from the court's denial of his motion to open the stipulated judgment. On March 26, 2012, the plaintiff filed a motion to dismiss the appeal, claiming, inter alia, that the defendant's appeal was duplicative, and, therefore, the issues in the second appeal were moot. This court, on May 23, 2012, granted the plaintiff's motion to dismiss to the extent that the plaintiff substantively challenged the stipulated judgment, and limited the appeal to the court's decision regarding the denial of the motion to open.

We begin with the pertinent legal principles and standard of review relevant to our review of the defendant's claim. "[O]ur courts have inherent power to open, correct and modify judgments, but that authority is restricted by statute and the rules of practice. . . . A motion to open a judgment is governed by General Statutes § 52-212a and Practice Book § 17-4. Section 52-212a provides in relevant part: Unless otherwise pro-

vided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed." (Citation omitted; internal quotation marks omitted.) *Richards* v. *Richards*, 78 Conn. App. 734, 739–40, 829 A.2d 60, cert. denied, 266 Conn. 922, 835 A.2d 473 (2003). Practice Book § 17-4 states essentially the same rule. "Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) *Nelson* v. *Charlesworth*, 82 Conn. App. 710, 713, 846 A.2d 923 (2004).

"In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did. . . . Questions of fact are subject to the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence . . . we give great deference to its findings." (Citation omitted; internal quotation marks omitted.) *Reiner, Reiner & Bendett, P.C.* v. *Cadle Co.*, 278 Conn. 92, 107, 897 A.2d 58 (2006).

"A motion to open a stipulated judgment, when grounded on mistake or duress, necessarily requires the court to make a factual determination before it can exercise its discretion to grant or deny the motion . . . . In making its factual determination whether a stipulated judgment should be opened, the court must inquire into whether the decree itself was obtained by fraud, duress, accident or mistake. . . . A stipulated judgment . . . is not voidable on the ground that it was accepted with reluctance, so long as its procurement was not the result of fraud, duress, or mistake." (Citations omitted; internal quotation marks omitted.) *Jenks* v. *Jenks*, 232 Conn. 750, 753, 657 A.2d 1107 (1995).

The defendant first claims that the court erred by finding that the stipulated judgment was not obtained by duress. He argues that, at the mediation, he expressed to Judge Oliver that he was under a great amount of stress and was taking Percocet to alleviate back pain from a lumbar spine injury. The defendant further argues that, at the time he accepted the proposed agreement, he

was sick with a virus; was facing potential criminal charges due to an alleged false report filed by the plaintiff's attorney, Robert W. Chesson; had received inadequate disability accommodations during the mediation; and had been denied a copy of the audiotapes and transcript of the mediation session, which, the defendant argues, he was required to receive as an accommodation of his disability. We are not persuaded.

"To conclude that a stipulated judgment resulted from duress, the finder of fact must determine that the misconduct of one party induced the party seeking to avoid the stipulated judgment to manifest assent thereto, not as an exercise of that party's free will but because that party had no reasonable alternative in light of the circumstances as that party perceived them to be. . . . For a party to demonstrate duress, it must prove [1] a wrongful act or threat [2] that left the victim no reasonable alternative, and [3] to which the victim in fact acceded, and that [4] the resulting transaction was unfair to the victim. . . . The wrongful conduct at issue could take virtually any form, but must induce a fearful state of mind in the other party, which makes it impossible for [the party] to exercise his own free will." (Citation omitted; internal quotation marks omitted.) *Cox* v. *Burdick*, 98 Conn. App. 167, 177–78, 907 A.2d 1282, cert. denied, 280 Conn. 951, 912 A.2d 482 (2006).

The defendant argues that he was under a great deal of stress when he accepted the stipulated agreement because of his disability, the alleged inadequacy of the accommodations provided to him, the pain medication he was taking and the stressful nature of the litigation. Our case law states, however, that in order for a court to make a finding of duress, "one party must engage in misconduct to induce the other party to assent to the judgment . . . [and that the] defendant's mental condition alone, therefore, cannot support a claim of duress." (Citation omitted.) Id., 178. The defendant did not allege nor did he produce any evidence to support an assertion that the plaintiff coerced him into entering the agreement by taking unfair advantage of his mental state. Further, although the defendant alleged that Chesson had made a false report to the police that caused a criminal complaint to be filed against the defendant, our review of the record reveals that the defendant did not produce any evidence to support his bald assertion that Chesson's report was made in bad faith, nor did he present evidence that Chesson filed the report in order to induce the defendant to settle. See *Sicaras* v. *Hartford*, 44 Conn. App. 771, 789, 692 A.2d 1290 (plaintiff not under duress where no evidence that other party induced assent), cert. denied, 241 Conn. 916, 696 A.2d 340 (1997). The court's finding that the defendant was not under duress when he entered into the agreement was not clearly erroneous.

The defendant also claims that the court erred by finding that the stipulated agreement was not obtained by a mistake. The defendant argues that because he believed that the court would canvass him before entering the agreement as a final stipulated judgment, there was a mistake and the court erred in denying his motion to open. We do not agree.

"A judgment rendered upon a stipulation of the parties is in the nature of a contract and may be opened by the court if the stipulation was entered into by mutual mistake." *Inland Wetlands & Watercourses Agency* v. *Landmark Investment Group, Inc.*, 218 Conn. 703, 707, 590 A.2d 968 (1991). A mutual mistake occurs when "in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction. . . . In short, the mistake, being common to both parties, effects a result which neither intended." (Citations omitted; internal quotation marks omitted.) *Lopinto* v. *Haines*, 185 Conn. 527, 532, 441 A.2d 151 (1981). "Whether there has been such mistake is a question of fact." *Inlands Wetlands & Watercourses Agency* v. *Landmark Investment Group, Inc.*, supra, 708.

Although both parties may have believed that the court would canvass the defendant before entering the parties' agreement as a final stipulated judgment, such a mistake is not material to the agreement. See *BRJM, LLC* v. *Output Systems, Inc.*, 100 Conn. App. 143, 149, 917 A.2d 605 (trial court's finding that there was mutual mistake clearly erroneous when mistake was not material to parties' bargain), cert. denied, 282 Conn. 917, 925 A.2d 1099 (2007). The purpose of a court canvass is to ensure that the party is entering into the agreement knowingly and voluntarily; it does not affect the substance or terms of the underlying agreement.[5] Accordingly, we conclude that a mistake such as the one claimed by the defendant is not a mutual mistake sufficient to open a stipulated judgment. The court's finding that the agreement was not induced by mutual mistake was not clearly erroneous. In sum, we conclude that the court did not abuse its discretion in denying the defendant's motion to open.

The judgment is affirmed.

[*] The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The defendant was self-represented at both the trial and appellate levels.

[2] Although the defendant raises eighty-two claims in his statement of issues, many of which are repetitious, this court, in its May 11, 2012 order, limited the scope of this appeal to the defendant's claims regarding the trial court's denial of his motion to open in response to the plaintiff's motion to dismiss the appeal. Furthermore, to the extent that the defendant raises claims challenging the adequacy of his accommodations pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., those claims are not properly before this court, as the defendant has failed to exhaust his administrative remedies. See *Mercer* v. *Rodriquez*, 83 Conn. App. 251, 263–64, 849 A.2d 886 (2004).

[3] The court also sent the defendant a facsimile alerting him that the court

had attempted to telephone him several times, but had not been able to reach him. The facsimile included a typed version of the proposed agreement for his consideration and requested that he appear in court or telephone the court immediately.

[4] The defendant's facsimile, entitled "Response to Order Regarding [Judicial Mediation]," stated: "The Defendant David Cummings hereby respectively gives notice acceptance of proposed stipulation as was represented in Court on May 27, 2011 before the Honorable Vernon D. Oliver."

[5] It is within the trial court's discretion whether a party should be canvassed before the court enters an agreement as a stipulated judgment. Because we have concluded that "a settlement agreement is simply a contract, and traditional principles apply"; *McCook* v. *Whitebirch Construction, LLC*, 117 Conn. App. 320, 333, 978 A.2d 1150 (2009), cert. denied, 294 Conn. 932, 987 A.2d 1029 (2010); this court has refused "to impose a bright line rule requiring canvasses of parties regarding settlement agreements at the time they are entered into." Id.