******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHRISTOPHER JONAS *v.* PLAYHOUSE SQUARE
CONDOMINIUM ASSOCIATION, INC., ET AL.
(AC 38764)

Lavine, Alvord and Mullins, Js.

*Argued March 8—officially released May 9, 2017*

(Appeal from Superior Court, judicial district of
Fairfield, Bellis, J.)

*Christopher Jonas*, self-represented, the appellant
(plaintiff).

*Logan A. Forsey*, with whom, on the brief, was
*Joshua A. Auxier*, for the appellee (named defendant).

*Nancy D. Gallagher*, for the appellee (defendant
Gault, Inc.).

*Opinion*

PER CURIAM. The plaintiff, Christopher Jonas, appeals from the judgment of the trial court dismissing his cause of action against the defendants, Playhouse Square Condominium Association, Inc. (Playhouse), and Gault, Inc. (Gault),[1] after he failed to appear at a status conference. On appeal, the plaintiff claims that the trial court improperly denied his motion to open the judgment on the ground that he was justified in his failure to appear at the status conference because of his ongoing health problems. We affirm the judgment of the trial court.

The plaintiff commenced causes of action against the defendants in 2008, 2009, and 2010 alleging that they failed to maintain and to repair the heating system in his condominium unit. On April 23, 2012, the court granted Playhouse's motion to consolidate all three cases pursuant to Practice Book § 9-5. Thereafter, the plaintiff requested and received several continuances of the trial date due to his ongoing health issues. Relevant to this appeal, on September 29, 2014, the plaintiff filed another motion for continuance, requesting a continuance of the trial until March 20, 2015. In response, on October 20, 2014, the court issued a notice ordering the parties to appear for a status conference. On October 21, 2014, the court issued a second notice setting the matter down specifically for a January 21, 2015 status conference. On November 17, 2014, the plaintiff filed a motion for a continuance of the status conference. The court did not rule on the plaintiff's motion. On January 21, 2015, the plaintiff failed to appear for the status conference. That same day, the court rendered a judgment of dismissal of the plaintiff's consolidated cases due to his failure to appear and sent notice of the judgments to the parties.

On September 28, 2015, eight months after the court rendered and sent notice of its judgment, the plaintiff filed a motion to open the judgment dismissing the 2008 case only.[2] On October 8, 2015, Playhouse objected to the plaintiff's motion, in part, because it was untimely. On October 26, 2015, the court denied the plaintiff's motion as untimely. On November 13, 2015, the plaintiff filed a motion to reargue the denial of his motion to open the judgment, which the court denied on November 30, 2015.

On December 17, 2015, the plaintiff filed the instant appeal, listing the trial court docket numbers for all three cases on his appeal form. This court subsequently dismissed as untimely the plaintiff's appeal as it pertained to the underlying judgment dismissing the consolidated action. The only issue before this court therefore is whether the trial court properly denied the plaintiff's motion to open the judgment in the 2008 case. We conclude that the trial court properly denied the plaintiff's motion to open the judgment.

Our courts have the inherent authority to open, correct, or modify judgments, but this authority is restricted by statute and the rules of practice. *710 Long Ridge Operating Co. II, LLC* v. *Stebbins*, 153 Conn. App. 288, 294, 101 A.3d 292 (2014). For a trial court to open or set aside a judgment, a motion to open or a motion to set aside must be filed within four months of the date judgment is rendered with certain limited exceptions, e.g., the parties waive the statutory time limitation. General Statutes § 52-212 (a);[3] General Statutes § 52-212a;[4] Practice Book § 17-4;[5] *Flater* v. *Grace*, 291 Conn. 410, 418–19, 969 A.2d 157 (2009). This statutory time limitation "operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999). The plaintiff filed his motion to open the judgment eight months after the court rendered the judgment of dismissal. He failed to prove that an exception to the statutory time limitation existed. Accordingly, the court did not have the substantive authority to act on the plaintiff's motion and properly denied it.

The judgment is affirmed.

[1] Several additional parties were named as defendants in this action, but they have not participated in this appeal. We therefore refer in this opinion to Playhouse and Gault as the defendants.

[2] The plaintiff attempted to file his motion to open the judgment in May 2015, but the court rejected the motion because he failed to pay the required filing fee. See General Statutes § 52-259c; see also *Farren* v. *Farren*, 142 Conn. App. 145, 154, 64 A.3d 352, cert. denied, 309 Conn. 903, 68 A.3d 658 (2013).

[3] General Statutes § 52-212 (a) provides in relevant part: "Any judgment rendered . . . upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered . . . ."

[4] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law . . . a civil judgment . . . rendered in the Superior Court may not be opened . . . unless a motion to open . . . is filed within four months following the date on which it was rendered . . . ."

[5] Practice Book § 17-4 (a) provides in relevant part: "Unless otherwise provided by law . . . any civil judgment . . . rendered in the superior court may not be opened . . . unless a motion to open . . . is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court."