******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ASIA A. M.* *v.* GEOFFREY M., JR.

GEOFFREY M., JR. *v.* ASIA A. M.
(AC 39208)

Lavine, Keller and Harper, Js.

*Syllabus*

The state of Connecticut appealed to this court from the judgments of the trial court affirming in part the decisions of a family support magistrate granting a motion to open an acknowledgment of paternity concerning the minor child and rendering judgment of nonpaternity. The child's mother, A, and G had executed a written acknowledgment of paternity for the child. Thereafter, the state filed a petition for support in A's name against G, who, in a separate action, filed a motion to open the acknowledgment of paternity, pursuant to statute ([Rev. to 2011] § 46b-172 [a] [2]), challenging the validity of the acknowledgment of paternity on the statutory grounds of fraud, mistake of fact, and duress. The support petition and the motion to open were consolidated for a hearing before the family support magistrate, who granted the motion to open the paternity judgment solely based on the best interests of the minor child and rendered judgment of nonpaternity and dismissing the support petition. The state thereafter appealed from the decisions of the magistrate to the trial court, which affirmed the decisions of the magistrate in part and remanded the cases for further proceedings, and this appeal followed. The state claimed that the trial court erred in concluding that *Ragin* v. *Lee* (78 Conn. App. 848) provided a nonstatutory ground to open an acknowledgment of paternity and that the magistrate had the inherent authority to grant the motion to open on the basis of the best interests of the child. *Held*:

1. The trial court erred in concluding that *Ragin* provided a fourth and independent ground to open an acknowledgment of paternity, apart from the statutory grounds of fraud, mistake of fact, and duress, as set forth in § 46b-172 (a) (2); the legislature clearly and unambiguously has set forth the three statutory grounds on which an acknowledgment of paternity may be challenged in court where, as here, G did not rescind the acknowledgment within sixty days of its execution, it was not the province of this court to create an independent basis for opening a judgment that is governed by statute, and *Ragin* did not create an independent ground for opening a judgment of paternity on the basis of the best interests of the child in lieu of any applicable statutory requirements but, instead, discussed the best interests of the child in considering the issue of whether the minor child had standing to file a motion to open.

2. The trial court erred in determining that the family support magistrate had the inherent authority to open the judgment of paternity on the basis of the best interests of the child; no statutory provision exists that expressly grants the family support magistrate division, the authority of which is limited by statute, the power to open an acknowledgment of paternity on the basis of the best interests of the child, as the authority to open an acknowledgment of paternity on the basis of the best interests of the child is not included in the magistrate's enabling statute (§ 46b-231 [m]) or in § 46b-172 (a) (2), which clearly states that an acknowledgment of paternity may be challenged in court or before a family support magistrate after the rescission period only on the basis of fraud, duress or material mistake of fact, and, thus, the magistrate, having found that there was no fraud, duress, or a material mistake of fact, did not have the authority to grant the motion to open the judgment after the sixty day rescission period had passed.

(*One judge concurring separately*)

Argued January 11—officially released May 15, 2018

*Procedural History*

Appeals from the decisions of the family support

magistrate, *David A. Dee*, dismissing a petition for financial and medical support and maintenance of the minor child, granting a motion to open an acknowledgment of paternity and rendering judgment of nonpaternity, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Albis*, *J*.; judgments affirming in part the decisions of the family support magistrate and remanding the matters for further proceedings, from which the state appealed to this court. *Reversed; further proceedings*.

*Joan M. Andrews*, assistant attorney general, with whom were *Sean O. Kehoe*, assistant attorney general, and, on the brief, *George Jepsen*, attorney general, for the appellant (state).

*Richard A. Rochlin*, with whom was *Jennifer R. Flynn*, for the appellee (defendant in the first case, plaintiff in the second case).

*Robert B. McLaughlin*, for the guardian ad litem of the minor child.

*Opinion*

HARPER, J. The state of Connecticut appeals from the judgments of the trial court rendered in favor of the plaintiff, Geoffrey M., Jr.,[1] affirming in part the decision of the family support magistrate (magistrate) that opened an acknowledgment of paternity. On appeal, the state claims that the court erred in concluding that (1) *Ragin* v. *Lee*, 78 Conn. App. 848, 829 A.2d 93 (2003), provided a nonstatutory ground for opening an acknowledgment of paternity, apart from the statutory grounds set forth in General Statutes (Rev. to 2011) § 46b-172 (a) (2)[2]; and (2) the magistrate had the inherent authority to grant the plaintiff's motion to open the judgment on the basis of the best interests of the child. We agree with the department and, accordingly, reverse the judgments of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On April 26, 2011, the plaintiff and the defendant, Asia A. M., executed a written acknowledgment of paternity (acknowledgment) for the minor child, who was born in February, 2011. See General Statutes (Rev. to 2011) § 46b-172 (a) (1). On October 28, 2014, the state filed a support petition against the plaintiff in the name of the defendant. On December 9, 2014, the plaintiff filed a motion to open the judgment pursuant to § 46b-172,[3] challenging the validity of the acknowledgment on the grounds of fraud, mistake of fact, and duress. Specifically, in his affidavit accompanying his motion to open, the plaintiff averred that (1) the defendant committed fraud by "intentionally conceal[ing] the fact that she had sexual relations with other men" and "represent[ing] to the plaintiff that they were in a sexually exclusive relationship"; (2) a DNA test demonstrated "that there is a 0 percent chance that [the plaintiff] could be the biological father of the minor child" and "[t]he fact of the plaintiff being the biological father is . . . a mistake of fact"; and (3) "[t]he plaintiff was under duress from the pressure being applied to him by the defendant and other family members, and [he] felt compelled to sign this acknowledgment due to this duress." The plaintiff further averred in his affidavit that "[t]he plaintiff does not have a [parent-child] relationship with the minor child at this time . . . and it is in the best interests of the minor child" to establish the biological father.

On January 6, 2015, the state's support petition and the plaintiff's motion to open were consolidated for a hearing. On February 24, 2015, a hearing was held on the plaintiff's motion to open before a magistrate. On March 3, 2015, relying on *Ragin* v. *Lee*, supra, 78 Conn. App. 848, the magistrate granted the plaintiff's motion to open the judgment, ordered a judgment of nonpaternity, and ordered the dismissal of the department's support petition. In its written order, the magistrate concluded that "[t]he plaintiff clearly and convincingly proved it

is in the best interest of the minor child to open the judgment. A minor child has a fundamental and independent right and compelling interest in an accurate determination of paternity. [Id., 863]. . . . While the plaintiff did prove it is in the best interest of the child to open the judgment, he failed to prove any of the statutory grounds of fraud, duress or . . . mistake. See [General Statutes (Rev. to 2011)] § 46b-172 (a) (2). . . . The credible evidence clearly indicates the plaintiff was aware he was not the biological father of the minor child when he executed the acknowledgment. The defendant did not defraud the plaintiff at the time he signed the acknowledgment. The plaintiff was not under duress when he signed the acknowledgment. The parties were not . . . mistaken when the acknowledgment was executed. The motion to open is granted solely based upon the best interest of the minor child."

On March 17, 2015, the state appealed from the decision of the magistrate to the trial court pursuant to General Statutes § 46b-231 (n)[4] and Practice Book § 25a-29,[5] claiming, inter alia, that "[i]n the absence of fraud, duress or mistake, the [m]agistrate lacked the [authority] to open the judgment of paternity . . . ." A hearing took place on May 5, 2015, before the court, and the parties filed posthearing briefs. On March 29, 2016, the court affirmed the decision of the magistrate in part, and remanded the case to the magistrate to hear additional evidence with respect to the best interests of the child. In its memorandum of decision, the court held that (1) *Ragin* v. *Lee*, supra, 78 Conn. App. 848, provided a fourth, nonstatutory ground to open a judgment of paternity, apart from the statutory requirements set forth in § 46b-172 (a) (2); and (2) the magistrate had the inherent authority to open the judgment on the basis of the best interests of the minor child. The court further held, however, that "it was an error of law for the magistrate to open the judgment . . . based solely on the results of genetic testing, without sufficient evidence as to other factors affecting the best interests of the child."

On April 11, 2016, the state filed a motion to reargue, which the court denied on April 28, 2016. This appeal followed.[6]

We begin by setting forth the applicable standard of review. The state's claims present a question of law over which our review is plenary. See *Pritchard* v. *Pritchard*, 103 Conn. App. 276, 283, 928 A.2d 566 (2007) ("[i]ssues of statutory construction raise questions of law, over which we exercise plenary review" [internal quotation marks omitted]); see also *Commissioner of Social Services* v. *Zarnetski*, 175 Conn. App. 632, 637, 168 A.3d 646 (2017). "When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record."

(Internal quotation marks omitted.) *Ragin* v. *Lee*, supra, 78 Conn. App. 855.

## I

The state claims that the "court erred in concluding that *Ragin* v. *Lee*, [supra, 78 Conn. App. 848], provides a fourth and independent ground to open an acknowledgment of paternity," apart from the requirements set forth in § 46b-172 (a) (2). The state contends that, pursuant to § 46b-172 (a) (2), absent a finding of fraud, duress, or material mistake of fact, the magistrate lacked the authority to open the judgment outside of the rescission period, and that the court "erred in finding that the [f]amily [s]upport [m]agistrate . . . did not have to comply with the statutory criteria of . . . § 46b-172." In response, the plaintiff and the attorney for the guardian ad litem claim that the court properly concluded that the best interests of the child is a nonstatutory ground for opening an acknowledgment of paternity. We agree with the state.

Paternity may be acknowledged voluntarily and extrajudicially through a written acknowledgment of paternity. See General Statutes (Rev. to 2011) § 46b-172 (a) (1). "[T]he acknowledgment procedure provides an alternative to a full scale judicial proceeding, and an agreement reached pursuant to it does not require court approval. The acknowledgment procedure may be followed [i]n lieu of or in conclusion of a paternity action initiated pursuant to [General Statutes] § 46b-160." (Internal quotation marks omitted.) *Cardona* v. *Negron*, 53 Conn. App. 152, 154 n.4, 728 A.2d 1150 (1999). Section 46b-172 (a) (1) sets forth the process by which an acknowledgment may be executed, including the required notices that must be provided to the parties.[7] An executed "acknowledgment of paternity . . . shall have the same force and effect as a judgment of the Superior Court." General Statutes (Rev. to 2011) § 46b-172 (a) (1). "The mother and the acknowledged father shall have the right to rescind such affirmation or acknowledgment in writing within the earlier of (A) sixty days, or (B) the date of an agreement to support such child approved in accordance with subsection (b) of this section or an order of support for such child entered in a proceeding under subsection (c) of this section. An acknowledgment executed in accordance with subdivision (1) of this subsection may be challenged in court or before a family support magistrate after the rescission period only on the basis of fraud, duress or material mistake of fact which may include evidence that he is not the father, with the burden of proof upon the challenger." General Statutes (Rev. to 2011) § 46b-172 (a) (2).

In the present case, the plaintiff and the defendant executed the acknowledgment on April 26, 2011. The plaintiff filed a motion to open the judgment more than three years later, on December 9, 2014. Because the

plaintiff did not rescind the acknowledgment within sixty days, he could challenge it "*only* on the basis of fraud, duress or material mistake of fact." (Emphasis added.) General Statutes (Rev. to 2011) § 46b-172 (a) (2); see also General Statutes (Rev. to 2011) § 46b-172 (a) (1) ("the acknowledgment cannot be challenged after sixty days, except in court upon a showing of fraud, duress or material mistake of fact"). In its written order, the magistrate explicitly found that there was no fraud, duress, or mistake of fact, stating that "[t]he credible evidence clearly indicates the plaintiff was aware he was not the biological father of the minor child when he executed the acknowledgment. The defendant did not defraud the plaintiff at the time he signed the acknowledgment. The plaintiff was not under duress when he signed the acknowledgment. [The defendant and the plaintiff] were not . . . mistaken when the acknowledgment was executed." Consequently, pursuant to § 46b-172 (a) (2), the magistrate lacked the authority to consider the plaintiff's motion to open the judgment.

Despite this, the magistrate granted the plaintiff's motion to open because it concluded that it was in the child's best interests to do so. Relying on this court's decision in *Ragin* v. *Lee*, supra, 78 Conn. App. 848, the magistrate concluded that "[t]he plaintiff clearly and convincingly proved it is in the best interest of the minor child to open the judgment." The trial court similarly concluded that *Ragin* created an independent ground for granting a motion to open a judgment of paternity on the basis of the best interests of the child.[8] Therefore, we first must determine whether this court held in *Ragin* that a court may open a judgment of paternity, absent a finding of fraud, duress, or material mistake of fact as required by § 46b-172 (a) (2), solely because it is in the best interests of the child to do so. We conclude that it did not.

In *Ragin*, the magistrate rendered a default judgment of paternity against the defendant after he failed to appear at the paternity action, which was initiated by the Commissioner of Social Services on behalf of the state pursuant to General Statutes § 46b-162. Id., 850. Counsel for the minor child timely filed a motion to open the default judgment, alleging that (1) there was insufficient service of process on the defendant and he did not receive actual notice of the proceedings, and (2) it was in the best interests of the child to open the judgment and order genetic testing to eliminate any doubt regarding the child's biological father. Id., 851, 852. A hearing was held on the motion to open, but the magistrate did not render a decision on the motion at that time. Id., 853. The state then appealed to the trial court, claiming, inter alia, that the magistrate lacked the authority to consider the merits of the child's motion to open. Id., 854. The trial court agreed with the state and reversed the decision of the magistrate. Id. Counsel

for the minor child appealed to this court. Id.

On appeal, this court addressed two issues: (1) whether there was an appealable final judgment; and (2) whether the minor child had standing to file the motion to open. Id., 850. Importantly, nowhere in the opinion did this court state that the best interests of the child was a basis for opening the judgment as an alternative to the applicable statutory requirements. Rather, this court discussed the best interests of the child in considering the second issue raised on appeal— whether the minor child had standing to file the motion to open. Id., 861–62. This court held that the minor child did have standing because, inter alia, "a child who is the subject of a paternity action has a fundamental interest in an accurate determination of paternity that is independent of the state's interest in establishing paternity for the benefit of obtaining payment for the child's care and any interest that the parents may have in the child." Id., 863. Thus, this court vacated the judgment of the trial court and remanded the case "to the . . . magistrate for further proceedings with direction also to consider the child's motion to open the default judgment of paternity . . . ." Id., 864. Counsel for the minor child still needed to and did actually comply with the relevant statutory requirements for filing a motion to open a default judgment of paternity. See General Statutes § 52-212 (a).[9] *Ragin* did not, however, create an independent ground for opening a judgment of paternity on the basis of the best interests of the child, in lieu of any applicable statutory requirements.

Indeed, it is not the province of this court to create an independent basis for opening a judgment that is governed by statute. It is well established that "[i]t is not the function of the courts to enhance or supplement a statute containing clearly expressed language." (Internal quotation marks omitted.) *McCullough* v. *Swan Engraving, Inc.*, 320 Conn. 299, 309, 130 A.3d 231 (2016). Rather, "[w]e are obligated to construe a statute as written. . . . Courts may not by construction supply omissions . . . or add exceptions . . . . It is axiomatic that the court itself cannot rewrite a statute . . . . That is a function of the legislature." (Internal quotation marks omitted.) *In re Quidanny L.*, 159 Conn. App. 363, 371, 122 A.3d 1281, cert. denied, 319 Conn. 906, 122 A.3d 639 (2015); see also *Doe* v. *Norwich Roman Catholic Diocesan Corp.*, 279 Conn. 207, 215–16, 901 A.2d 673 (2006). Here, the legislature clearly and unambiguously has set forth the three grounds on which an acknowledgment of paternity may be challenged in court.[10] See General Statutes (Rev. to 2011) § 46b-172 (a) (2). Absent a finding of fraud, duress, or material mistake of fact, an acknowledgment of paternity may not be challenged in court.

As set forth previously, the magistrate found that the plaintiff "failed to prove any of the statutory grounds

of fraud, duress or . . . mistake."[11] The trial court found "ample support in the record for [the] factual finding by the magistrate" that the plaintiff "was aware when he executed the acknowledgment that he was not [the child's] biological father," and the court did not disturb the magistrate's findings that the plaintiff failed to establish fraud, duress, or material mistake of fact. Because the statutory criteria set forth in § 46b-172 (a) (2) were not satisfied, the magistrate lacked the authority to open the judgment of paternity.

On the basis of the foregoing, we conclude that the trial court erred in determining that the magistrate had the authority to open the judgment solely on the basis of the best interests of the child.

## II

The state next claims that the trial court erred in concluding that the magistrate had the inherent authority to open the judgment of paternity. Specifically, the state claims that the family support magistrate division is a court of limited jurisdiction, and "such authority is not included in the magistrate's enabling statute . . . § 46b-231 (m), or the acknowledgment of paternity statute . . . § 46b-172." The state further contends that "[g]iven the magistrate's factual findings, specifically that fraud, mistake or duress [were] not proven, the magistrate court lacked the authority to open the judgment of paternity, pursuant to . . . § 46b-172 . . . ." (Citation omitted.) In response, the plaintiff argues that a magistrate "may, pursuant to [its] inherent authority, open a judgment of paternity, when acting reasonably, the magistrate finds good cause to do so, regardless of finding fraud, duress, or mistake. Good cause may be based on the 'best interests of the child' standard." We agree with the state.

"[T]he legislature, by the passage of § 46b-231 (d), created the family support magistrate division of the [S]uperior [C]ourt for the purpose of the impartial administration of child and spousal support." (Internal quotation marks omitted.) *O'Toole* v. *Hernandez*, 163 Conn. App. 565, 572–73, 137 A.3d 52, cert. denied, 320 Conn. 934, 134 A.3d 623 (2016); see also General Statutes § 46b-231 (d). Section 46b-231 (m) lists the "powers and duties" of magistrates. "As a creature of statute, the family support magistrate division has only that power that has been expressly conferred on it." *Pritchard* v. *Pritchard*, supra, 103 Conn. App. 284.

It is undisputed that no statutory provision exists that expressly grants the family support magistrate division the power to open an acknowledgment of paternity on the basis of the best interests of the child. The trial court determined, however, that the magistrate had the inherent authority to open the judgment. We disagree.

"The authority of family support magistrates is defined and limited by statute." (Internal quotation

marks omitted.) *O'Toole* v. *Hernandez*, supra, 163 Conn. App. 573. Although "[o]ur courts have the inherent authority to open, correct, or modify judgments . . . this authority is restricted by statute and the rules of practice." *Jonas* v. *Playhouse Square Condominium Assn., Inc.*, 173 Conn. App. 36, 39, 161 A.3d 1288 (2017); see also *Cornfield Associates Ltd. Partnership* v. *Cummings*, 148 Conn. App. 70, 75, 84 A.3d 929 (2014), cert. denied, 315 Conn. 929, 110 A.3d 433 (2015). The power of the family support magistrate division is *limited* by § 46b-172 (a) (2), which clearly states that an acknowledgment of paternity "may be challenged in court or before a family support magistrate after the rescission period *only on the basis of fraud, duress or material mistake of fact* . . . ." (Emphasis added.)

In its memorandum of decision, the court acknowledged that "§ 46b-172 (a) (2) limits the grounds for opening [a] judgment that may be asserted belatedly by the parties to an acknowledgment of paternity," but nonetheless concluded that "[i]t does not limit the court's inherent authority" to open the judgment. See *Paddock* v. *Paddock*, 22 Conn. App. 367, 372, 577 A.2d 1087 (1990) ("The authority to open and vacate a judgment is within the inherent power of the trial courts. . . . A motion to open and vacate should be granted when the court, acting reasonably, finds good cause to do so." [Citation omitted.]). In so holding, the court impermissibly has contravened the statutory requirements set forth in § 46b-172 (a) (2). See also General Statutes (Rev. to 2011) § 46b-172 (a) (1) ("the acknowledgment cannot be challenged after sixty days, except in court upon a showing of fraud, duress or material mistake of fact"). We reiterate that "[c]ourts may not by construction supply omissions . . . or add exceptions [to statutes] merely because it appears that good reasons exist for adding them." (Internal quotation marks omitted.) *Vincent* v. *New Haven*, 285 Conn. 778, 792, 941 A.2d 932 (2008).

The plaintiff's motion to open was governed by § 46b-172 (a) (2). Beyond the sixty day rescission period, and absent a finding of fraud, duress, or material mistake of fact, the magistrate did not have the authority to grant the motion to open the judgment.[12] See part I of this opinion. On the basis of the foregoing, we conclude that the trial court erred in determining that the magistrate had the inherent authority to open the acknowledgment on the basis of the best interests of the child.

The judgments are reversed and the cases are remanded for further proceedings.

In this opinion, LAVINE, J., concurred.

* The full names of the parties involved in this appeal are not disclosed.

[1] This appeal was taken from two consolidated cases in which Geoffrey M., Jr., was the defendant in the first case and the plaintiff in the second case. For the purposes of this opinion, and consistent with the parties' briefs on appeal, we refer to Geoffrey M., Jr., as the plaintiff and to Asia A. M. as the defendant.

The state, as an interested party providing HUSKY health insurance benefits to the child, filed a support petition on behalf of defendant, the child's mother; see General Statutes § 46b-231 (t) (3) and (u) (1); and has appealed on behalf of the Office of Child Support Services of the Department of Social Services; see General Statutes § 46b-207; which is acting on behalf of the mother. See *Walsh* v. *Jodoin*, 283 Conn. 187, 191 n.2, 925 A.2d 1026 (2007); *Esposito* v. *Banning*, 110 Conn. App. 479, 480 n.1, 955 A.2d 609 (2008).

[2] Hereinafter, unless otherwise indicated, all references to § 46b-172 in this opinion are to the 2011 revision of the statute.

[3] Pursuant to § 46b-172 (a) (1), an "acknowledgment of paternity . . . shall have the same force and effect as a judgment of the Superior Court." Accordingly, any reference herein to the motion to open the judgment refers to the acknowledgment of paternity, which, by statute, had the force and effect of a judgment.

[4] General Statutes § 46b-231 (n) (1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section."

[5] Practice Book § 25a-29 provides that "[a]ny person who is aggrieved by a final decision of a family support magistrate may appeal such decision in accordance with the provisions of . . . § 46b-231. The appeal shall be instituted by the filing of a petition which shall include the reasons for the appeal."

[6] "It is axiomatic that the jurisdiction of an appellate tribunal is limited to appeals from judgments that are final." *Cardona* v. *Negron*, 53 Conn. App. 152, 156, 728 A.2d 1150 (1999). "[A]n order opening a judgment ordinarily is not a final judgment within [the meaning of General Statutes] § 52-263. . . . [Our Supreme Court], however, has recognized an exception to this rule where the appeal challenges the power of the [trial] court to act to set aside the judgment." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Works*, 160 Conn. App. 49, 57, 124 A.3d 935, cert. denied, 320 Conn. 904, 127 A.3d 188 (2015); see also *Solomon* v. *Keiser*, 212 Conn. 741, 746–47, 562 A.2d 524 (1989). Because the state challenges the authority of the court to open the judgment, the present case is an appealable final judgment.

[7] General Statutes (Rev. to 2011) § 46b-172 (a) (1) provides, in relevant part, that "a written acknowledgment of paternity executed and sworn to by the putative father of the child when accompanied by (A) an attested waiver of the right to a blood test, the right to a trial and the right to an attorney, and (B) a written affirmation of paternity executed and sworn to by the mother of the child shall have the same force and effect as a judgment of the Superior Court. It shall be considered a legal finding of paternity without requiring or permitting judicial ratification, and shall be binding on the person executing the same whether such person is an adult or a minor, subject to subdivision (2) of this subsection. Such acknowledgment shall not be binding unless, prior to the signing of any affirmation or acknowledgment of paternity, the mother and the putative father are given oral and written notice of the alternatives to, the legal consequences of, and the rights and responsibilities that arise from signing such affirmation or acknowledgment. The notice to the mother shall include, but shall not be limited to, notice that the affirmation of paternity may result in rights of custody and visitation, as well as a duty of support, in the person named as father. The notice to the putative father shall include, but not be limited to, notice that such father has the right to contest paternity, including the right to appointment of counsel, a genetic test to determine paternity and a trial by the Superior Court or a family support magistrate and that acknowledgment of paternity will make such father liable for the financial support of the child until the child's eighteenth birthday. In addition, the notice shall inform the mother and the father that DNA testing may be able to establish paternity with a high degree of accuracy and may, under certain circumstances, be available at state expense. The notices shall also explain the right to rescind the acknowledgment, as set forth in subdivision (2) of this subsection, including the address where such notice of rescission should be sent, and shall explain that the acknowledgment cannot be challenged after sixty days, except in court upon a showing of fraud, duress or material mistake of fact."

[8] In its memorandum of decision, the court states that "[t]he trial courts of Connecticut have been divided in their view of whether, under *Ragin*, there is a so-called 'fourth ground' for opening a judgment of paternity," and the court cites to the decisions that it alleges similarly have concluded that *Ragin* permits a judgment of paternity to be opened on the basis of the best interests of the child, in the absence of fraud, duress, or material mistake of fact. We note, however, that those courts did not consider the

motion to open the judgment *solely* on the basis of the best interests of the child. See, e.g., *Oppelt* v. *Oppelt*, Superior Court, judicial district of Hartford, Docket Nos. FA-09-4047137-S, FA-09-4045512-S (September 21, 2011) (noting that best interest of child provides basis for opening judgment, but opening judgment because there were "significant and meaningful procedural irregularities in this matter which deprived the defendant of the due process afforded to him," namely that "the acknowledgment was not executed in accordance with the provisions of . . . § 46b-172"); *Campbell* v. *Barrow*, Superior Court, judicial district of Hartford, Docket No. FA030634839 (December 28, 2004) (noting that best interests of child may provide "further basis to open the paternity judgment," but opening and setting aside acknowledgment of paternity because "the defendant did not fully comprehend or assent to a full waiver of his rights under § 46b-172 (a) (1)" and, therefore, statutory requirements were not followed).

[9] We note that the grounds set forth in § 52-212 (a) for opening a court judgment, the statute at issue in *Ragin*, differs from the grounds set forth in § 46b-172 (a) (2) for voiding an acknowledgment of paternity.

General Statutes § 52-212 (a) provides in relevant part that "[a]ny judgment rendered . . . upon a default . . . in the Superior Court may be set aside, within four months following the date on which it was rendered . . . and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment . . . and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

[10] The legislature has included the best interests of the child elsewhere as a basis for the magistrate's authority. See, e.g., General Statutes § 46b-231 (m) (8) ("[a]greements between parties as to custody and visitation of minor children . . . shall be reviewed by a family support magistrate, who shall approve the agreement unless he finds such agreement is not in the best interests of the child"). If the legislature had intended for the best interests of the child to be a ground upon which to challenge an acknowledgment of paternity in court, we presume that it would have included such language in § 46b-172 (a) (2). See *State* v. *Kevalis*, 313 Conn. 590, 604, 99 A.3d 196 (2014) ("it is a well settled principle of statutory construction that the legislature knows how to convey its intent expressly" [internal quotation marks omitted]). To the extent that the plaintiff suggests that the best interests of the child should be a basis upon which an acknowledgment of paternity may be challenged in court or before a magistrate, that is an issue for our legislature to address.

[11] The plaintiff and the attorney for the guardian ad litem also argue on appeal that the magistrate erred in finding no evidence of fraud. Specifically, they argue that the plaintiff and the defendant committed fraud on the state, on the child, and on the child's biological father by executing the acknowledgment when the plaintiff and the defendant both knew that the plaintiff was not the child's biological father. We do not address these claims of fraud because, as the state asserts, and the attorney for the guardian ad litem conceded at oral argument in this appeal, the claims were not raised at trial. The claim of fraud raised at trial was that the defendant had committed fraud on the plaintiff. See *DiGiuseppe* v. *DiGiuseppe*, 174 Conn. App. 855, 864, 167 A.3d 411 (2017) ("We repeatedly have held that [a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . . We will not promote a Kafkaesque academic test by which [a trial judge] may be determined on appeal to have failed because of questions never asked of [him] or issues never clearly presented to [him]." [Citation omitted; internal quotation marks omitted.]); see also *State* v. *Hilton*, 45 Conn. App. 207, 222, 694 A.2d 830, cert. denied, 243 Conn. 925, 701 A.2d 659 (1997), cert. denied, 522 U.S. 1134, 118 S. Ct. 1091, 140 L. Ed. 2d 147 (1998).

We note that we certainly find it concerning that the parties, as they allege, have committed fraud on the state. We cannot, however, make this finding of fact. See *McTiernan* v. *McTiernan*, 164 Conn. App. 805, 830, 138 A.3d 935 (2016) ("[I]t is axiomatic that this appellate body does not engage in fact-finding. Connecticut's appellate courts cannot find facts; that function is, according to our constitution, our statute, and our cases, exclusively assigned to the trial courts." [Internal quotation marks omitted.]).

[12] In its current form, § 46b-172 is susceptible to being misused by parties in the manner discussed in the present case. See footnote 10 of this opinion.

Thus, we look favorably on Judge Keller's concurring opinion in the present case, which sets forth a suggested revision of the statute that would help to achieve accuracy in the acknowledgment of paternity process.

———————————————